MUTUAL LIFE INSURANCE COMPANY *v.* MARSH.

Opinion delivered March 7, 1932.

*Frederick L. Allen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Martin & Martin,* for appellee.

MEHAFFY, J. The appellee brought suit on an insurance policy for $3,000 and 12 per cent. penalty and attorney's fees.

The appellant is a citizen of the State of New York and the appellee is a citizen of the State of Arkansas. The appellant filed its petition for removal to the Federal court, alleging diversity of citizenship, and that the amount in controversy exceeds the sum of $3,000.

The appellant filed a bond and prayed that the court proceed no further, and that the cause be removed to the United States District Court.

The circuit court denied the petition, and appellant filed answer, the case proceeded to trial, and there was a judgment for $3,000 and $360 penalty, and a $500 attorney's fee. Motion for a new trial was filed and overruled, and an appeal granted to the Supreme Court.

The only question we find it necessary to determine is, whether the cause was removable to the Federal court. The Federal statute provides: "Any suit of a civil nature at law or in equity, arising under the Constitution or laws of the United States, or treaties made under their authority, of which the district courts of the United States are given original jurisdiction in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district.

"Any other suit of a civil nature at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of the State." Title 28, § 71, U. S. Code, Annotated.

It is also provided by the Federal statute: "The district courts shall have original jurisdiction as follows: (1) Of all suits of a civil nature at common law or in equity where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of a State and foreign States, citizens or subjects." Title 28, § 41, U. S. Code, Annotated.

The diversity of citizenship is not disputed, but appellee contends that the cause was not removable because, he says, under the decisions of the Federal court, § 6155 of Crawford & Moses' Digest, is unconstitutional. The contention is that, while this court has held the statute valid, the Federal court has held that it is void.

If this section is valid, it necessarily follows that the amount in controversy exceeds $3,000, exclusive of interest and costs. He sues for $3,000 and 12 per cent. damages and attorney's fees. Section 6155, *supra*, provides that the attorney's fees shall be taxed as costs, but it does not provide that the 12 per cent. penalty shall be taxed as costs. Therefore the amount in controversy was $3,360.

Appellee calls attention to *Standard Accident Ins. Co.* v. *Rossi*, 35 Fed. Rep. (2d) 667. That case does not hold that the Arkansas statute for penalty and attorney's fees is invalid, but the court said in that case: "In view of the fact that the case must be tried again, we think some remarks upon the imposition of penalties and attorney's fees, under § 6155, *supra*, of the Arkansas Digest, are pertinent. It is true that the language of the statute, strictly construed, imposes these penalties in

all cases where the company fails to pay—within the time specified in the policy, after the demand made therefor. However, the rigor of this language has been somewhat relaxed by the Supreme Court of Arkansas, in *Pacific Mutual Life Ins. Co.* v. *Carter*, 92 Ark. 378, 123 S. W. 384. * * * In the absence of any decision of the Arkansas court of last resort to the contrary, and none has been cited, we are of the opinion that the statute in question should not be construed to demand the imposition of its penalties where the refusal to pay without suit is based upon an honest and fairly debatable difference of opinion as to the law involved; should be confined to cases of vexatious and inexcusable neglect and failure to respond to contract obligations, as is the rule in other jurisdictions.''

There is nothing in the decision relied on indicating that the law is unconstitutional. There might be cases, of course, where the company refused to pay without incurring the penalty. If demand was made for more than one was entitled to recover, the insurance company would not be subject to the penalty imposed by statute.

The next case relied on by the appellee is *Inter-Southern Life Ins. Co.* v. *McElroy*, 38 Fed. (2d) 557. In this case, the court repeated what was said in the opinion in *Standard Accident Ins. Co.* v. *Rossi, supra*. The court did not hold the statute invalid, but said that the facts in the case did not warrant or justify the assessment of penalty and attorney's fees.

The next case cited and relied on by appellee is *North American Transportation & Trading Co.* v. *Morrison*, 178 U. S. 262, 20 S. Ct. 869. The only thing the court said in that case that is relied on by the appellee was: ''Where the plaintiff asserts as his cause of action, a claim which he cannot be legally permitted to sustain by evidence, a mere *ad damnum* clause will not confer jurisdiction on the circuit court, but the court on motion or demurrer, or of its own motion, may dismiss the suit.''

But the court also said in that case that it was obvious on the face of plaintiff's complaint that if he was

not entitled to recover the money which he alleged he could have earned and secured by obtaining employment and engaging in business at or about Dawson City, the amount necessary to give the court jurisdiction was not involved.

It cannot be said in the present case that either under the decisions of this court or the Federal court the amount necessary to give the court jurisdiction was not involved. The right to recover 12 per cent. damages was an issue. Of course, it might be found, either by this or the Federal court, that the plaintiff was or was not entitled to recover, but that is not the question. The question is the amount in controversy.

Appellant calls attention to several authorities which we do not think it necessary to review, because if the amount in controversy exceeded the sum of $3,000 exclusive of interest and costs, the appellant was entitled to a removal of the cause. The statute expressly provides for the removal where the amount in controversy exceeds $3,000, and we hold that the amount in controversy in this case exceeds $3,000.

The judgment of the circuit court is reversed, and the cause remanded with directions to grant the petition for removal.