PACIFIC MUTUAL LIFE INSURANCE COMPANY v. BIERMAN.

4-3247

Opinion delivered January 29, 1934.

704

*Owens & Ehrman,* for appellant.

*Fred A. Snodgress* and *Sam Robinson,* for appellee.

JOHNSON, C. J., (after stating the facts). The paramount and controlling question here presented is the removability of this cause from the Pulaski Circuit Court to the Federal court for the Eastern District of Arkansas. It is the well-settled law that removability is tested solely by the complaint and the petition for removal. Appellee's complaint shows that he was seeking to recover from appellant $2,675 as damages for permanent disability. In addition to this, he sought recovery of twelve per cent. penalty upon $2,675. Twelve per cent. of $2,675 is $321. These two items, when added, aggregate $2,996. In addition to this sum, appellee sought to recover a reasonable attorney's fee.

We expressly held in *Mutual Life Insurance Co.* v. *Marsh,* 185 Ark. 332, 47 S. W. (2d) 585, that the twelve per cent. penalty, provided for by § 6155 of Crawford & Moses' Digest, was not an item of costs, and therefore should be added to the amount sought to be recovered in testing the sufficiency of a petition for removal. The headnote reads as follows:

"The amount in controversy in an action on an insurance policy for $3,000 plus 12 per cent. penalty is $3,600, which entitled the defendant, a nonresident, to removal of the cause to the Federal court, under title 28, § 71, USCA."

In the more recent case of *Missouri State Life Insurance Co.* v. *Johnson,* we had before us the question as to whether a reasonable attorney's fee should be added to the amount sought to be recovered plus the

twelve (12%) per cent. penalty, and we determined this question in favor of the insured. The effect of our holding was that the reasonable attorney's fee, provided for by statute, was an item of cost, and therefore should not be considered on the question of removability. The Johnson case was reviewed by the Supreme Court of the United States, wherein it was determined that the Supreme Court of Arkansas had erred in holding that a reasonable attorney's fee should not be added in determining the question of removability. In disposing of the question, Mr. Justice McReynolds said:

"In the State court the present respondent sought to enforce the liability imposed by statute for his benefit —to collect something to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes." *Missouri State Life Insurance Co.* v. *Jones,* 290 U. S. 199, 78 L. ed. 135.

In accordance with the opinion of the Supreme Court of the United States, we must now hold that, when a reasonable attorney's fee is a matter in controversy, and when such fee, added to the specific sum in controversy, aggregates a sum in excess of $3,000, and all other requisites are present, such cause of action is removable from the State to the Federal courts.

In the instant case, when a reasonable attorney's fee is taken into consideration on the question of removability, it is made certain that the total amount in controversy is in excess of $3,000. It is perfectly evident that $4 would not be a reasonable attorney's fee in a controversy wherein practically $3,000 is involved. We therefore conclude that the trial court erred in refusing to remove this cause to the Federal District Court for the Eastern District of Arkansas.

For the error indicated, the cause is reversed and remanded with directions to enter an order of removal, in accordance with the petition and bond therefor.