347 So.2d 318 (1977)
Ruth Brockhoff SHOTTS et al.
v.
John DOE et al.
No. 8186.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Wendell H. Gauthier, Robert M. Murphy, Gauthier & Murphy, New Orleans, for plaintiffs-appellants.
*319 William F. Bologna, McGlinchey, Stafford, Mintz & Hoffman, New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA and BEER, JJ.
REDMANN, Judge.
Plaintiffs appeal from the dismissal on exception of prescription of their tort action against persons not joined as defendants until after the tort prescription period of one year.
In their timely original petition, plaintiffs listed admittedly fictitious names, and no others, as defendants. Plaintiffs did describe the fictitious defendants as their decedent's fellow-employees of Continental Grain Company, and plaintiffs argue that this naming of Continental in the petition served to interrupt prescription against Continental and therefore against all persons solidarily liable with Continental. Further arguing that the other employees later joined would be solidarily liable with Continental, plaintiffs conclude that the demands against those employees were timely. We disagree.
La.C.C. 3552 only provides for interruption against co-debtors in solido by "citation served upon one" of them (or his acknowledgement). Continental was not here cited.
La.R.S. 9:5801 provides for interruption by "commencement of a civil action" but only "as to all defendants" and Continental was not a defendant. Continental was only mentioned in describing the fictitious defendants.
Plaintiffs also argue that C.C. 21 obliges us to "decide equitably" because the law is silent (and further argue they should prevail because defendants' true identity was deliberately obscured). But the law is not silent: C.C. 3536 expressly provides a prescription of one year for actions for damages "from offenses or quasi offenses."
Affirmed.