371 So.2d 389 (1979)
Joseph E. SCHLUMBRECHT, III
v.
EXECUTIVE OFFICERS OF BROWN AND ROOT, INC., and XYZ Insurance Co.
No. 10386.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Cristovich & Kearney, John T. Holmes, New Orleans, for relator.
Edwards, Cullen & Loeb, David C. Loeb, Gretna, for respondents.
Before SAMUEL, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
Highlands Insurance Company applied for supervisory writs pursuant to C.C.P. art. 2201, complaining of a judgment which overruled its exception of prescription. We granted a writ of review to ascertain the correctness of the judgment, *390 because on the undisputed facts the judgment appeared to be erroneous, and because reversal under our supervisory jurisdiction would terminate the litigation and avoid the necessity of a trial on the merits. Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978).
Plaintiff's tort suit, seeking to recover damages incurred in a December 8, 1975 accident, was filed on September 30, 1976. The petition named defendants as follows:
"a). Executive Officers of Brown and Root, Inc., all of whom are persons of the full age of majority and residents of the State of Louisiana, representing any and all of the executive officers, directors, supervisors, foremen or any persons with supervisory authority, as regards Brown and Root, Inc. and Joseph E. Schlumbrecht, III in this matter. Due to the fact that their names are unavailable to plaintiff at this particular time, such will be supplied the Court at a later date by amendment of the pleadings herein.
"b). The XYZ Insurance Company, a foreign insurance corporation, organized and existing under the laws of a State other than Louisiana, but authorized to do and doing business in this Parish and State."
On July 25, 1977 the petition was served on Brown and Root, Inc., through its registered agent for service of process, although that company was not a named defendant.
On November 4, 1977 plaintiff filed an amended petition, which named Highlands as a defendant on the basis that it insured Brown and Roots' executive officers. Highlands filed an exception of prescription, which was overruled. That judgment is now before us for review.
If the suit was filed in the proper venue, the commencement of the action interrupted prescription as to all defendants.[1] R.S. 9:5801. The term "all defendants" means defendants who are named as such in the pleading. Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974).
Highlands was not named as a defendant in the original petition. Moreover, XYZ Insurance Company was a fictitious name, and an amended petition correcting a fictitious name does not relate back to the filing of the original petition. Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., above.
Finally, since there were no real persons named as defendants in the only pleading that was timely filed, there is no solidary liability between Highlands and any defendant named in a timely filed petition which would serve to interrupt prescription as to Highlands under C.C. art. 3552. Shotts v. Doe, 347 So.2d 318 (La.App. 4th Cir. 1977).
Accordingly, the judgment of the trial court is reversed, and it is now ordered that judgment be rendered maintaining the exception of prescription and dismissing plaintiff's suit against Highlands Insurance Company at his cost.
REVERSED AND RENDERED.
NOTES
[1] Highlands also filed an exception to the venue, but the result reached on the exception of prescription dispenses with the necessity of determining the venue issue.