SAMUEL, Judge.
This matter is before us on an application for supervisory writs filed in this court by Willard J. Lambert and Robert L. McNabb, to which application plaintiff-respondent has replied. The pertinent facts, which are undisputed, are as follows:
On August 11, 1971 plaintiff was injured in an accident which occurred in the course of his employment by Boh Brothers Construction Company, Inc. On August 11, 1972 he filed a suit in tort for damages against Boh Brothers and “John Does (aliases)”, the latter allegedly being “the persons managing the affairs for Boh Brothers Construction Company, Inc. on the job site where petitioner, Alvin Echelard was injured.” Service of process was made only on Boh Brothers.
Subsequently, on October 17, 1972 Boh Brothers filed exceptions of no right and/or cause of action to the petition. The exceptions were based on the fact that plaintiff’s exclusive remedy against that corporation was in workmen’s compensation. The ex *117 ceptions were maintained, and on October 24, 1973 there was judgment dismissing plaintiff’s suit as against Boh Brothers.
On June 29, 1976 plaintiff filed a supplemental petition which substituted Willard J. Lambert and Robert L. McNabb (relators herein) and another named individual for the “John Does” in the original petition. Service of process was made on Lambert on July 2,1976 and on McNabb on July 7,1976. Relators then filed an answer and an exception of prescription to the supplemental petition. The exception was based on the argued fact that because plaintiff’s cause of action arose on August 11, 1971, when the accident occurred, and the supplemental petition first naming relators as defendants was not filed until June 29,1976, more than four years and ten months later, plaintiff’s action was barred by the tort prescription of one year (Civil Code Art. 3536).
On April 23,1979, following a hearing on the exception of prescription, the trial court rendered judgment denying the exception. Relators then applied for supervisory writs seeking reversal of that judgment.
Considering all of the above facts, we are of the opinion that, for the reasons expressed in Schlumbrecht v. Executive Officers of Brown and Root, Inc., et al., La.App., 371 So.2d 389 (1979), relators are entitled to the reversal they seek.
Accordingly, the April 23,1979 trial court judgment rendered in this-matter on the exception of prescription is reversed and it is now ordered that there be judgment maintaining that exception and rejecting plaintiff’s demand against relators, Willard J. Lambert and Robert L. McNabb. All costs to be paid by plaintiff, Alvin Echelard.

REVERSED.