Virginia HALTER; and Virginia Halter as Parent, Natural Guardian and Next Friend of Tammy Halter, Her Daughter, Plaintiffs,

v.

NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY OF DENVER, COLORADO, Defendant.

No. J–C–80–262.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Dec. 22, 1980.

John R. Lingle, Piggott, Ark., for plaintiffs.

Wendell L. Griffen, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

On October 17, 1980, plaintiffs initiated the present litigation by filing their complaint in the Eastern District of Clay County, Arkansas. Pursuant to Ark.Stat.Ann. § 66–2219, service was effectuated by serving the Commissioner of Insurance of the State of Arkansas, who thereupon mailed a copy of the summons and complaint to the defendants on October 27, 1980. The notice to the defendants from the Insurance Commissioner required the defendant to file a response within twenty (20) days of this October 27, 1980 date. The defendant did not make an appearance in the state courts within this twenty–day time period but rather filed a petition for removal, pursuant to 28 U.S.C. §§ 1441, et seq., in the United States District Court for the Eastern District of Arkansas, Jonesboro Division on November 26, 1980. Although the court finds that it would have no bearing on the outcome of the present issue before the court, it should be noted that no default judgment was entered against the defendant in the state court proceeding.

The plaintiffs challenge the defendant's right to remove the instant litigation to federal court on two grounds: (1) That since the defendant had not responded; in state court within the time period established by Ark.Stat.Ann. § 66–2219, it lost the opportunity to remove this diversity action pursuant to 28 U.S.C. §§ 1441, et seq.; and (2) that the jurisdictional amount required for maintenance of a diversity suit (i. e. $10,000 exclusive of costs and interest) is lacking.

■ Arkansas Law cannot prevent removal or defeat its effects in a proper case. *Colonial Bank & Trust Co. v. Cahill*, 424 F.Supp. 1200 (N.D.Ill.E.Div.1976). "It is clear that once a removal petition has been filed and proper notice given adverse parties in state court, the district court has exclusive jurisdiction over the case."

*Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir. 1975). Even in cases where a default judgment has been entered in a state court proceeding prior to removal to federal court, removal has been held to be proper and "the federal court takes the case as it finds it on removal . . . ." *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963).

■ With regard to the plaintiff's second argument for remand of the instant case, the Arkansas courts have been consistent in construing the 12% penalty and reasonable attorney's fees under Ark.Stat.Ann. § 66–3238 to not come within the purview of the terms "interest and costs" referred to in 28 U.S.C. § 1332(b). *Mutual Life Ins. Co. of New York v. Marsh*, 185 Ark. 332, 47 S.W.2d 585 (1932). *Pacific Mutual Life Insurance Co. v. Bierman*, 188 Ark. 703, 67 S.W.2d 577 (1934). The Eighth Circuit Court of Appeals has also accepted this construction of Ark.Stat.Ann. § 66–3238. *Peacock & Peacock, Inc. v. Stuyvesant Insurance Co.*, 332 F.2d 499 (8th Cir. 1964).

IT IS THEREFORE ORDERED that the response to petition for removal filed on behalf of the plaintiffs is overruled and remand of the above proceedings is denied.