417 So.2d 433 (1982)
Keith S. TEMPLET, et al.
v.
Levi C. JOHNS, et al.
No. 14947.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*434 Dennis C. Weber and Steve M. Marks, Baton Rouge, for plaintiffs-appellants Keith S. Templet and Ancil Paul Templet.
Tim A. Tullos, Baton Rouge, for defendants-appellees Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges.
John W. Perry, Jr., Baton Rouge, for defendant-appellee John Nicosia.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
Plaintiffs-appellants appeal the judgment of the trial court wherein the trial court recalled and vacated a prior order allowing a supplemental and amending petition to be filed against defendants-appellees, Levi C. Johns, Alberta Cain Johns, Harry D. Hodges, Bettye Jean Lewis Hodges, and further said judgment sustained the peremptory exception of prescription filed on behalf of defendant-appellee John Nicosia dismissing the plaintiffs' suit as against Nicosia with prejudice.

FACTS
On June 24, 1980, appellants Keith S. Templet, wife of/and Ancil Paul Templet instituted suit against Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges, and "John Doe (Electrical Contractor)" for certain injuries that Keith S. Templet allegedly sustained on November 18, 1979. The original petition alleged that Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges were liable to plaintiff for the injuries she sustained since they were the "owners of the property" and as "employers of John Doe (Electrical Contractor)" for the negligent acts and omissions of said John Doe. Appellants' petition alleged a solidary obligation on the part of all defendants.
Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges subsequently filed a motion for summary *435 judgment which was heard on December 11, 1980, and on the same day a judgment was rendered and signed in favor of these four defendants dismissing plaintiffs' suit as to these defendants with prejudice.
On January 26, 1981, with leave of court, plaintiffs filed an amending and supplemental petition which for the first time named "John Nicosia" as a defendant and further alleged that Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges were independently negligent and/or strictly liable as the owners of the premises for the loss occurred. Appellee-Nicosia, on July 28, 1981, filed a peremptory exception of prescription and on August 17, 1981, the trial judge rendered judgment sustaining the peremptory exception of prescription and further said judgment recalled and vacated the order signed on January 27, 1981, allowing the supplemental and amending petition of plaintiffs to be filed as concerns all defendants but appellee-Nicosia.

ASSIGNMENT OF ERRORS
Appellants contend that the trial judge erred as follows: 1) in recalling, on his own motion and after appellate delays, his earlier order allowing appellants' amending petition to be filed subsequent to an unfavorable ruling on a motion for summary judgment; 2) in the alternative, if the trial judge could recall his order allowing amendment, all vested substantive rights must be restored and the parties put back in status quo.
Appellants contend that the trial judge's vacating and recalling his previous order allowing appellants' amending petition (after applicable appellate delays had expired) denied them substantive rights vested under La.Code Civ.P. arts. 1151 and 1153.
La.Code Civ.P. art. 1151 provides that a plaintiff may amend his petition without leave of court at any time before the answer thereto is served. It further provides that otherwise, the petition may be amended only by leave of court or by written consent of the adverse party. La.Code Civ.P. art. 1153 provides that when the action asserted in the amending petition arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Essentially, appellants contend that once the trial court signed the order allowing the supplemental and amending petition, even after summary judgment had been signed but appeal delays had not expired, the order allowing the supplemental and amending petition granted certain vested rights which alleviated any need to take an appeal in order to protect the plaintiffs' claim. Appellants further contend that they relied to their detriment on the order and were inequitably prejudiced by the later judgment of the trial court recalling the order.
The first issue is whether the trial court can allow (order) the filing of a supplemental and amending petition filed against certain defendants (all but Nicosia), after summary judgment had been signed dismissing plaintiffs' suit as concerns these defendants (again, all but Nicosia). Clearly under La. Code Civ.P. art. 1151, a plaintiff can only amend a petition that is in existence and pending at the time the amendment is filed. If there is nothing to amend, there can be no amendment and the order allowing same is invalid.
Appellants argue that since the appeal delays had not expired on the summary judgment, they had the authority to supplement and amend the petition since the summary judgment was not then final. La. Code Civ.P. art. 968 clearly provides that a summary judgment is final and carries the "... same effect as if a trial had been had upon evidence regularly adduced."
After rendition of final judgment, the Code of Civil Procedure clearly spells out the rights of the appellants. They may either apply for new trial or appeal from an adverse judgment. No where in the Code is the amendment of a dismissed petition after final judgment allowed. A case very similar to the instant case is Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (La. *436 App. 4th Cir. 1964). In the Johnson case, plaintiff originally filed suit against two police officers and five corporate defendants alleging that she was assaulted by these officers in the parking lot of a shopping center. On May 24, 1963, one of the defendants, T. G. & Y. Stores, filed a motion for summary judgment and the judgment was granted on May 31, 1963. On June 4, plaintiffs obtained an order for a supplemental and amending petition signed by the judge of another division of the court. On July 8, T. G. & Y. Stores filed a rule to show cause why the order permitting the amending and supplemental petition should not be set aside. A similar rule was filed by Winn Dixie on August 12. On October 11, judgment was granted recalling and vacating the order allowing the supplemental and amending petition and on appeal, the court stated:
"Plaintiff clearly had no right to file the supplemental and amended petition as to Winn-Dixie after the rendition of the summary judgment in its favor. As to this defendant, plaintiff's only recourse was an appeal from the summary judgment and that judgment has been considered above."
The court further stated:
"The refusal of the Trial Judge to permit the filing of the supplemental and amended petition under LSA-CCP. art. 1151 and the subsequent order setting aside its filing in another Division of the Court were not erroneous. The supplemental petition contained no material allegations in aid of her cause."
The La.Code Civ.P. provides that the only rights available to a party whose suit has been dismissed is to request a new trial or to appeal. It is abundantly clear that a trial court can not change or alter this by improvidently signing an order to allow the filing of a supplemental and amending petition. Since the trial judge in the instant case was without authority to sign an order allowing the supplemental and amending petition, he clearly had the authority (and in fact, was obliged) to correct his previous error by vacating and recalling the previous order. Clearly, this order had no affect whatsoever on appeal delays and could not retain the parties in the status quo. Further, there can be no detrimental reliance by anyone who fails to exercise clear and unambiguously stated rights as provided for in the La.Code of Civ. Procedure.
The instant case is clearly distinguishable from Montgomery v. American Motorist Insurance Co., 242 So.2d 45 (La.App. 2d Cir. 1970). In Montgomery, an oral judgment was rendered on May 26, 1969, sustaining exceptions of no cause of action and no right of action and allowing ten days for amendment. The judgment was silent as to whether or not the suit would be dismissed absent the amendment within the allowable period. On February 10, 1970, the plaintiff filed a supplemental and amending petition and on February 11, 1970, a formal judgment sustaining the exception of no right of action and no cause of action was signed. Our brethren of the Second Circuit held that a supplemental and amending petition filed with leave of court before judgment was signed on February 11, was proper. The reasoning was that the oral judgment of May 26, was an interlocutory judgment, and not appealable at all until it was finalized by the written judgment of February 11. Since the supplemental and amending petition was filed on February 10, with leave of court, it was timely and the initial allowance of same by the trial court should not have been vacated.
The next issue concerns whether the peremptory exception of prescription was properly sustained as concerns John Nicosia. In the original suit, one defendant was styled "John Doe (Electrical Contractor)" and the aforesaid party was not dismissed from the suit and not included in the summary judgment. Plaintiffs' supplemental and amending petition (filed after the one year prescriptive period) substituted as a defendant John Nicosia in place of "John Doe".
A suit brought against one debtor in solido interrupts prescription with regard to all. La.Civil Code art. 2097. However, the use of a fictitious name in a pleading does not interrupt prescription when subsequent *437 thereto an amending petition is filed after the prescriptive period correcting and setting forth the true name of the defendant. Therefore, suit against "John Doe (Electrical Contractor)" did not interrupt prescription as concerns John Nicosia unless same was interrupted by other means. Schlumbrecht v. Executive Officers, Etc., 371 So.2d 389 (La.App. 4th Cir. 1979); Echelard v. Lambert, 374 So.2d 116 (La.App. 4th Cir. 1979); Shotts v. John Doe, 347 So.2d 318 (La.App. 4th Cir. 1977).
The trial judge correctly stated that inasmuch as the supplemental and amending petition had no legal effect insofar as the defendants who had previously been dismissed under the summary judgment (Levi C. Johns, Alberta Cain Johns, Harry D. Hodges and Bettye Jean Lewis Hodges) we must now consider the legal effect of the supplemental and amending petition in regard to defendant Nicosia.
The suit originally named "John Doe (Electrical Contractor)", a fictitious person. The suit naming Nicosia as a defendant was filed after the one year prescriptive period. In Shotts, supra and Schlumbrecht, supra, it was established that a tort action against an individual defendant not joined until one year after prescription had expired was barred when in the timely original petition only a fictitious name was used to designate the defendant. Since the supplemental and amending petition was invalid from its inception and had no legal effect, the judgment dismissing the suit as concerns all defendants but Nicosia is now final. We have the same factual situations as found in Shotts and Schlumbrecht, supra, viz. original suit against "John Doe (Electrical Contractor)", supplemental and amending petition naming John Nicosia after prescription had run.
Prescription is not interrupted as concerns a true defendant when a fictitious defendant is so styled in a timely filed petition. Since the supplemental and amending petition was invalid from its inception as against all defendants but Nicosia, and was properly vacated and recalled (as concerns all but Nicosia), the trial court was correct in sustaining the peremptory exception of liberative prescription as concerns John Nicosia.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.