G. L. COVINGTON, Chief Judge.
A writ of mandamus was issued herein, on application of Uniroyal, Inc., directing the trial judge to grant its Motion to Quash Notice of Deposition and of Subpoena Duc-es Tecum or, in the alternative that the said judge and/or Mr. Gravois show cause why the writ should not be made peremptory. Neither the judge nor the plaintiff-respondent have favored us with briefs.
A tort suit, for an alleged employment-related injury in 1972, was filed by the plaintiff in 1973, naming Uniroyal, Inc. as a defendant, along with two individuals and an insurance company, using fictitious names for the latter three. In other words, Uniroyal was the only real legal entity named as a defendant.
As to each of the fictitious defendants, “Mr. X, Safety Director”, “John Doe, Managing Employee” and “ABC Insurance Company” the notation on plaintiffs petition requests “Please withold service until further notice.” There is nothing in the record to show that service was ever made on any defendant other than Uniroyal.
About two months after suit was filed, Uniroyal filed a motion for summary judgment. It was heard on December 8, 1978 and taken under advisement. On June 13, 1980 summary judgment was granted in favor of the mover, dismissing plaintiff's suit against Uniroyal at plaintiffs cost. The judgment was not appealed and is final.
Therefore, the only legal entity named as a party defendant has not been in the case since 1980. Nevertheless, in November, 1983 plaintiffs counsel noticed Uniroyal to depose one of its representatives and also for a subpoena duces tecum for employment records. Uniroyal moved to quash the notice on three grounds: (1) as the summary judgment in 1980 dismissed the only legal entity defendant, the lawsuit ceased to exist; (2) if there is any viable proceeding against the fictitious defendants, there has been no action in prosecution or defense of them since the suit was filed on August 28, 1973 and under the self-operational provision of LSA-C.C.P. art. 561 the suit has been abandoned; (3) even if an amendment were permitted, identifying the two fictitiously named individual defendants, any cause of action against them has obviously prescribed. The trial court denied the motion to quash, granting plaintiffs right to proceed.
It is apparent that the plaintiff seeks the discovery in order to identify the two fictitiously named individual defendants, in order to amend and proceed against them. Query: may he do this 12 years after the accident, 11 years after the suit was filed, 7 years after the elapse of the 5-year abandonment period and 4 years after the only validly named defendant was dismissed from the suit? We think not.
As to those individual defendants, no step was taken in the prosecution of the suit for a period far in excess of the requisite five years. Murphy v. Hurdle, 331 So.2d 566 (La.App. 1 Cir.), writ refused 334 So.2d 434 (La.1976). The suit, as to them, has been abandoned and should be dismissed; accordingly, the motion of plaintiff for discovery should have been denied.
Parenthetically, Uniroyal, having been dismissed as a party defendant in 1980, should not now be subjected to the cost and *951 inconvenience of the deposition and producing employment records of 12 years ago. For an uncommonly long time, seven years, the plaintiff did not take any action to ascertain the identity of the fictitiously named individuals. The matter is remanded to the trial court for compliance with the penultimate paragraph herein. Costs are assessed against the respondent-plaintiff.
WRIT MADE PEREMPTORY.