George Ann **HALE** and Ray Lynn Dyer

v.

**BILLUPS OF GONZALES, INC. and/or Charter Marketing Company.**

Civ. A. No. 85–266–B.

United States District Court,
M.D. Louisiana.

May 30, 1985.

John R. Rarick, St. Francisville, La., for plaintiffs.

J. Patrick Gaffney, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for Charter Marketing Co.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiffs, George Ann Hale and Ray Lynn Dyer, to remand this action to the Twentieth Judicial District Court, Parish of West Feliciana, State of Louisiana. No oral argument is required on this motion. For reasons which follow, the Court finds that plaintiffs' motion to remand must be denied.

Plaintiffs originally filed suit in state court seeking a declaratory judgment that a lease entered into between the plaintiffs' father and Billups of Gonzales, Inc. ("Billups"), on December 27, 1961, terminated on December 1, 1984, without granting an option to renew the agreement with Charter Marketing Company ("Charter").[1] In the alternative, the plaintiffs seek a declaration that if the Court finds that an option entered into on May 16, 1973, effectively extended the original lease until December 1, 1990, the actions of the defendant/lessee require an annulment of the lease under the option. Charter timely filed a petition for removal pursuant to 28 U.S.C. § 1441[2] with subject matter jurisdiction based upon diversity of citizenship.[3] Thereafter, the plaintiffs filed a motion to remand which is now pending before the Court. Plaintiffs contend that the Court lacks jurisdiction because the amount in dispute does not exceed the requisite $10,000.00 jurisdictional amount.

No express requirement as to the amount that must be in controversy before an action may be removed is set forth in 28 U.S.C. § 1441. However, since the statute only authorizes removal of those cases that originally could have been brought in federal district court,[4] it follows that the jurisdictional requisite amount applies to removed actions as it would apply to actions originally filed in federal court. 14 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure*, § 3752 (2d ed. 1985). Therefore, in those cases in which jurisdiction is based upon diversity, the removal is improvident unless the dispute involves an amount in excess of $10,000.00. *State of Illinois ex rel. Bowman v. Home Federal Savings and Loan Ass'n*, 521 F.2d 704 (7th Cir.1975); *Halter v. National Farmers Union Property and Casualty Co.*, 502 F.Supp. 736 (E.D.Ark.1980). *See also* 28 U.S.C. § 1332.

In determining whether the requisite jurisdictional amount is present, the Court must apply the "legal certainty"

---

**1.** Billups was merged into Charter in 1979.

**2.** 28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**3.** *See* 28 U.S.C. § 1332.

**4.** *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), *reh'g denied*, 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed.2d 670 (1968).

test[5] which was set forth by the United States Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When the jurisdictional amount is challenged, the party invoking the jurisdiction of the federal court has the burden of proving that it does NOT appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); and *Ortego v. Weinberger*, 516 F.2d 1005 (5th Cir. 1975). Thus, in removal cases, it is incumbent upon the defendant to make the above showing. If the defendant fails to show that the court has jurisdiction, the case must be remanded to the state court from which it was removed. *Lindsey v. Alabama Telephone Co.*, 576 F.2d 593 (5th Cir.1978). *See also 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure*, §§ 3702, 3725 and 37839.

▆▆▆ In the present case, the defendant has met the burden of demonstrating that it does not appear to a legal certainty that the plaintiffs' claim is for less than the requisite jurisdictional amount. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039; and *Ortego v. Weinberger*, 516 F.2d 1005. To meet the burden of proof, Charter has submitted a copy of an agreement entered into on May 16, 1973, between the plaintiffs, their father and Billups, which purports to grant an additional six year option at the same monthly rent of $195.20 per month beginning December 1, 1984, and continuing to December 1, 1990. The amount in dispute, therefore, is $195.20 per month × 12 months × 6 years or a total of $14,054.40.[6] The plaintiffs contend that since they have not alleged that the value of the controversy exceeds $10,000.00, this Court lacks jurisdiction. This contention is without merit and obviously relies upon the "plaintiff-viewpoint rule"[7] to determine the amount in controversy. However, a different rule applies in a suit for a declaratory judgment. In *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983), the Fifth Circuit stated:

... In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980). To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. *Texas Acorn v. Texas Area 5 Health Systems, Inc.*, 559 F.2d 1019 (5th Cir. 1977).

Therefore, *Leininger* applies to this suit for declaratory relief. Thus, the amount in controversy must be determined by the value of the right to be protected. The value of the right to be protected in this case is the aggregate rental amount, or $14,054.[8]

---

5. The United States Supreme Court explained the legal certainty test stating that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 285, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

6. The defendants assert in their memorandum that the basic lease provided for an annual payment of $400.00 plus the monthly payments of $195.20. The Court finds that it is unnecessary to decide at this point whether the agreement entered into on May 6, 1973, included this $400.00 annual payment in addition to the monthly payments since the jurisdictional amount has been met without using this annual payment.

7. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 285, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Court held that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."

8. *See Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989, 990 (5th Cir.1952), where the Fifth Circuit upheld a district court's denial of a motion to dismiss a declaratory judgment action for lack of jurisdictional amount stating that "[t]he complaint showed the existence of a disputed claim as to the effectiveness of an attempt to renew a lease for a period of ten years at an aggregate rental of at least $51,000.00"

Since the defendant has met its burden of establishing the requisite jurisdictional amount, plaintiffs' motion to remand must be denied.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, George Ann Hale and Ray Lynn Dyer, to remand this action to the Twentieth Judicial District Court, Parish of West Feliciana, State of Louisiana, be, and it is hereby DENIED.