**Linda Marie Hatfield PETERS, et al.**

v.

**PUMPKIN AIR, INC., et al.**

No. 85–1151–B.

United States District Court,
M.D. Louisiana.

June 2, 1986.

leased simultaneously, there are separate leases for each station. In addition, Midwest specifi-

cally informed APMI of its intention to continue to operate only the Lindbergh station.

Paul H. Dué, Baton Rouge, La., for plaintiffs.

Kenneth H. Laborde, Dermot S. McGlinchey, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Pumpkin Air, Inc.

A.R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Bell Helicopter Textron, Inc.

Robert E. Kerrigan, Jr., Darrell K. Cherry, Deutsch, Kerrigan & Stiles, New Orleans, La., for Avco Corp.

POLOZOLA, District Judge.

On November 18, 1985, Linda Marie Hatfield Peters[1] filed this suit in the Twenty-First Judicial District Court for the Parish of St. Helena against Pumpkin Air, Inc. ("Pumpkin Air"), Bell Helicopter Textron, Inc. ("Bell"), Avco Corporation ("Avco") and John Doe to recover damages caused by the wrongful death of Michael Leverette Peters who was killed when the Bell Model 222 helicopter, in which he was a passenger, crashed onto an oil platform located off the coast of Louisiana. Pumpkin Air, the operator of the helicopter, is a corporation organized under the laws of Texas with its principal place of business in Texas. Avco, the manufacturer of the engines of the helicopter, is a corporation organized under the laws of Delaware with its principal place of business in Connecticut. Bell, the manufacturer of the helicopter, is a corporation organized under the laws of Delaware with its principal place of business in Texas. John Doe, an employee of Pumpkin Air, was the mechanic who serviced the helicopter prior to its crash and is a citizen of Louisiana. The John Doe defendant has not been served.

On December 12, 1985, Pumpkin Air timely filed[2] a petition for removal.[3] Two bases of subject matter jurisdiction were asserted in the petition for removal: (1) diversity of citizenship, 28 U.S.C. § 1332, and (2) Outer Continental Shelf Lands Act ("OSCLA"), specifically 43 U.S.C. § 1349(b). Subsequently, the present motion to remand was filed. The motion to remand is based upon the contention that this suit was removed "improvidently and without jurisdiction"[4] because it is not a civil action over which this court would have original jurisdiction.[5] Plaintiff contends this action is not one over which a federal district court would have original jurisdiction because diversity of citizenship does not exist and the suit is not premised upon a claim pursuant to OCSLA.

█ It is incumbent upon the party invoking the jurisdiction of a federal court to demonstrate the existence of subject matter jurisdiction when the court's jurisdiction has been challenged. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Village Fair Shopping Co. v.*

1. Linda Marie Hatfield Peters filed this suit individually and as natural tutrix of the estates of her minor children, Michael D'Wayne Peters, Roger Leverette Peters, Robert Eugene Peters and one child en utero.

2. 28 U.S.C. § 1445(b).

3. Although only Pumpkin Air filed its petition for removal, the petition for removal alleged that all defendants concurred in such removal. (See paragraph 5 of the petition for removal.) Courts have consistently construed 28 U.S.C. § 1446(a) to require that all defendants join the petition for removal or to consent to such removal. See, e.g., *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 394*, 427 F.2d 325 (5th Cir.1970); *Courtney v. Benedetto*, 627 F.Supp. 523 (M.D.La.1986); *Lonthier v. Northwest Insurance Company*, 599 F.Supp. 963 (W.D.La.1985);

*Mason v. International Business Machines & RTKL*, 543 F.Supp. 444 (M.D.N.C.1982).

4. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

5. See 28 U.S.C. § 1441(a) which defines actions that are removable as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1979). As stated by the Fifth Circuit in *Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), "the party invoking the court's jurisdiction bears the burden of 'alleg[ing] with sufficient particularity the facts creating jurisdiction' and of 'support[ing] the allegation' if challenged." *Id.* at 1052, *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 590 n. 10, 82 L.Ed. 845 (1938). When a case has been removed to federal court, it is the removing party who bears the burden of establishing the court's jurisdiction. *Carson v. Dunham,* 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992 (1887); *Hale v. Billups of Gonzales,* 610 F.Supp. 162 (M.D. La.1985). In the present case since jurisdiction has been challenged in plaintiff's motion to remand, it is incumbent upon the defendants to establish that subject matter jurisdiction exists. If the defendants fail to demonstrate that subject matter jurisdiction exists, the case must be remanded to the state court from which it was removed. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981).

**I. Jurisdiction Under 28 U.S.C. § 1332**

Peters asserts that there is no subject matter jurisdiction based upon diversity of citizenship because the requisite complete diversity, as required by *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), is lacking. Mover contends that complete diversity is lacking because the plaintiff and one of the defendants, John Doe, are both alleged to be citizens of Louisiana.[6] Pumpkin Air, in its opposition to the motion to remand,[7] contends that complete diversity does in fact exist because the citizenship of the John Doe defendant should be disregarded in the determination of the existence of diversity jurisdiction under 28 U.S.C. § 1332.[8]

If the identity of an actual defendant is unknown at the time the action is instituted the Louisiana courts allow the plaintiff to name a John Doe defendant in the petition. *See generally Gravois v. Uniroyal,* 458 So.2d 949 (La.App. 1st Cir.1984); *Templet v. Johns,* 417 So.2d 433 (La.App. 1st Cir. 1982), *writ denied* 420 So.2d 981 (La.1982); *Shotts v. John Doe,* 347 So.2d 318 (La.App. 4th Cir.1977); *Commercial Union Insurance Co. v. Bringol,* 262 So.2d 532 (La. App. 4th Cir.1972). In the present case, the plaintiff alleged in paragraph 1D of the petition filed in state court:

The following parties are made defendants herein:

．　　　　．　　　　．　　　　．　　　　．

---

6. *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 373–374, 98 S.Ct. 2396, 2402–2403, 57 L.Ed.2d 274 (1978).

7. Bell filed a tardy opposition to the motion to remand on May 2, 1986, in which it essentially adopted the rationale set forth by Pumpkin Air. Avco adopted the memorandum in opposition to the motion to remand filed by Pumpkin Air.

8. In opposition to the motion to remand Pumpkin Air has also submitted the affidavit of Lenuel R. Bragg (Exhibit A) in which Mr. Bragg states that he is the Pumpkin Air employee who inspected the Bell Model 222 helicopter on October 22, 1985 and that he is unaware of the performance of any other manufacturer approved inspection on the helicopter prior to the accident in which Mr. Peters was killed. The affiant further states that he is a citizen of Arkansas, having resided there, with his wife, since September of 1985. Pumpkin Air con-

tends that since "John Doe" is Mr. Bragg and Mr. Bragg is a citizen of Arkansas, then complete diversity is present. The court agrees with the plaintiff that the affidavit is a self serving attempt to designate the identity of John Doe as Lenuel R. Bragg, an individual "who does not conform to the description in the allegations of the Petition, but whose domicile, unlike the domiciles of others actually within the description, is diverse." (See page 3 of the Reply Memorandum.) The petition alleges that John Doe "performed maintenance work upon the aforementioned helicopter." (See Paragraph 1D of the state court petition.) The affidavit describes an inspection, not maintenance work. Therefore, this court cannot find, as the defendant contends, that "Mr. Bragg's Arkansas citizenship is dispositive of the question of diversity jurisdiction, and renders all other issues raised by the plaintiff's Motion to Remand moot." (See page 2 of the Memorandum in Opposition.)

D. JOHN DOE, who at all pertinent times was alleged on information and belief to have been an employee [of] defendant, Pumpkin Air, Inc., and more particularly the person who performed maintenance work upon the aforementioned helicopter in Intracoastal City, Louisiana, or thereabout, alleged on information and belief to be of legal age, domiciled in and a resident of Vermillion Parish, or, in any event, a citizen and resident of the state of Louisiana

The claim against John Doe was specified in paragraph 6D as follows:

This defendant, who at all pertinent times was employed by defendant, Pumpkin Air, Inc., was the mechanic who serviced this helicopter allegedly at Intracoastal City, Louisiana. This defendant was negligent in the type of repairs performed by him and in failing to properly inspect the helicopter and to find the defective conditions thereof which caused or contributed to the crash thereof.

■ Pumpkin Air's contention that the citizenship of the John Doe defendant should be disregarded in the determination of presence of diversity jurisdiction is without merit. In *Pullman Company v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), a resident plaintiff filed suit against the Pullman Company, a non-resident corporation, and one of its porters who was designated as John Doe One. The petition alleged the porter's relationship to the corporation as well as his negligence as an employee or agent of the corporation. In holding that the Pullman Company was required to demonstrate that the porter was not a resident of the same state as the plaintiff in order to justify removal, the United States Supreme Court stated:

We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged. [Citation omitted.] Nor does the fact that the residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show it had a separable controversy which was wholly between citizens of different States. As in determining whether there was such a separable controversy with respect to the Pullman Company its porter could not be ignored, the Company was bound to show that he was a non-resident in order to justify removal.

*Pullman*, 305 U.S. at 540, 59 S.Ct. at 350.[9] In *Pecherski v. General Motors Corp.*, 636 F.2d 1156 (8th Cir.1981), a General Motors employee filed suit based upon negligent medical treatment in a company dispensary. General Motors and "Jane Doe," alleged to have been a nurse acting as an agent and servant of General Motors, were named as defendants. The Eighth Circuit held that the removal of the case by General Motors was improper because "[u]nder *Pullman*, General Motors had the burden of establishing diversity of citizenship between plaintiff Pecherski and all named defendants, including the Jane Doe defendant, notwithstanding the plaintiff's failure to allege her citizenship or serve her with process." *Pecherski*, 636 F.2d at 1156. However, as noted by the Eleventh Circuit, a "plaintiff cannot join fictitious resident defendants in order to deprive a non-resident defendant of the right to remove the action to federal court." *Coker v. Amoco*

---

9. Pumpkin Air contends that *Pullman Company v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), is no longer good law because it was decided under the earlier removal statute, 28 U.S.C. § 71, which did not provide, as does the present statute, that "[a]ny other action [other than one founded upon a claim arising under the Constitution, treaties or laws of the United States] shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (Emphasis added.) 28 U.S.C. § 1441(b). The court finds that this contention is without merit based upon the reliance upon *Pullman* by the Eighth Circuit in *Pecherski v. General Motors Corp.*, 636 F.2d 1156 (8th Cir.1981), the Eleventh Circuit in *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983) and the Third Circuit in *Abels v. State Farm Fire & Casualty Company*, 770 F.2d 26 (3rd Cir.1985). See also Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3642 at 149 (1985).

*Oil Co.*, 709 F.2d 1433, 1439 (11th Cir.1983). In following the view of one commentator that "if fraudulent joinder is not shown and if the allegations of the complaint indicate that the Doe defendants are not nominal parties, the district court will remand the case," [10] the *Coker* Court stated that "[i]n the absence of proof that the allegations against the fictitious defendants are fraudulent, the complaint does not become removable until the plaintiff takes some affirmative action indicating that he does not wish to pursue his claims against the fictitious defendants." *Coker*, 709 F.2d at 1439. In *Abels v. State Farm Fire & Casualty Company*, 770 F.2d 26 (3rd Cir. 1985), the issue before the court was framed as "what effect, if any, is to be given the joinder of ten fictitiously named 'Doe' defendants" all alleged to have the same citizenship as that of the plaintiff when jurisdiction is premised upon diversity. *Abels*, 770 F.2d at 29. After first noting that *Pullman* "establishes that the presence of fictitiously named defendants in a state court complaint may, in certain circumstances, defeat diversity jurisdiction upon a petition for removal", the *Abels* Court set forth the following analysis to resolve the issue:

> *Pullman* suggests to us a two step analysis for determining whether the Doe defendants destroy diversity in this case. First, we must ask whether, on the face of the complaint, there are sufficient allegations concerning their identity and conduct to justify consideration of their citizenship. Second, we must look beyond the face of the complaint for indicia of fraudulent joinder.

*Abels*, 770 F.2d at 29.

▉ Because the court was unable to find a case wherein the Fifth Circuit has ruled on the precise issue now before the court, this court adopts the analysis set forth by the *Abels* Court. First, the court finds that on the face of the state court petition there are sufficient allegations concerning the identity of John Doe and his conduct to justify consideration of his alleged citizenship. *See Abels*, 770 F.2d at 30–32; and *see also Coker*, 709 F.2d at 1440. As emphasized in both *Pullman* and *Pecherski*, this court relies heavily upon the fact that John Doe's relation to Pumpkin Air, as well as his negligence as Pumpkin Air's employee, have been fully alleged. Secondly, the court finds that fraudulent joinder of the John Doe defendant has not been established. The burden of proving fraudulent joinder is upon the removing party. *Coker*, 709 F.2d at 1440. *See also Yawn v. Southern Railway Co.*, 591 F.2d 312, 326 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979). In order to meet this burden, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Coker*, 709 F.2d at 1440. *See also Green v. Amerada Hess Corp.*, 707 F.2d 201, 205, *rehearing denied*, 714 F.2d 137 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). The court finds that Pumpkin Air has not only failed but has not even attempted to establish that the plaintiff cannot establish a cause of action against a person whom plaintiff has alleged in paragraph 6D of the petition to be "negligent in the type of repairs performed by him and in failing to properly inspect the helicopter and to find the defective conditions thereof which caused or contributed to the crash thereof".

For the foregoing reasons, the court concludes that the citizenship of the John Doe defendant, as alleged, must be considered when determining the existence of diversity jurisdiction under 28 U.S.C. § 1332. Since the plaintiff and one of the defendants, John Doe, are both alleged to be citizens of the same state, complete diversity, as mandated by *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435

---

**10.** Wright, Miller & Cooper, *Federal Practice* *and Procedure,* § 3642 at 149 (1985).

(1806), is lacking. Therefore, the court has no jurisdiction under 28 U.S.C. § 1332.

## II. Jurisdiction Under the Outer Continental Shelf Lands Act

■ The alternate basis for subject matter jurisdiction asserted by Pumpkin Air is OSCLA.[11] In essence, Pumpkin Air contends that although the plaintiff has not stated that she is relying upon OSCLA, it is obvious from the facts alleged in the petition that plaintiff is seeking to recover damages under this Act. The plaintiff asserts, in her motion to remand, that she need not assert a federal right, even if it may be available to her, and there can be no subject matter jurisdiction based upon such an unasserted federal cause of action. For the reasons set forth in *Coody v. Exxon Corporation,* 630 F.Supp. 202 (M.D.La. 1986), this court finds that if the plaintiff has elected not to assert a claim pursuant to OSCLA, then subject matter jurisdiction in this court cannot be premised on such an unasserted claim. Therefore, the court has no jurisdiction under OSCLA in the present case.

## III. Conclusion

In summary, the court finds there is no jurisdiction under 28 U.S.C. § 1332 or under the OSCLA in the present action. Since the court has no subject matter jurisdiction, this court concludes that this action was removed "improvidently and without jurisdiction". Therefore, in accordance with 28 U.S.C. § 1447(c), plaintiff's motion to remand is GRANTED and this case is remanded to the Twenty-First Judicial District Court for the Parish of St. Helena, State of Louisiana, from which it was removed.

Judgment shall be entered accordingly.

11.  43 U.S.C. § 1349(b)(1) provides, in pertinent part:

Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A)

any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals ...