# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

MANUEL BLACK AND DORITA L. BLACK

VERSUS

TRANS-GLOBAL SOLUTIONS, INC. AND XYZ INSURANCE COMPANY, SHAWN WILLIAMS, CONRERSTONE CHEMICAL COMPANY AND DEF INSURANCE COMPANY

CONSOLIDATED WITH

D'MARRIO KENDRICK

VERSUS

TRANS-GLOBAL SOLUTIONS, INC., SHAWN WILLIAMS, CONRERSTONE CHEMICAL COMPANY, XYZ INSURANCE COMPANY, DEF INSURANCE COMPANY

NO. 2023 CW 1287

PAGE 1 OF 2

**MARCH 22, 2024**

---

In Re:    Cornerstone Chemical Company and Shane Williams, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 734184 c/w 734219.

---

**BEFORE:    McCLENDON, HESTER, AND MILLER, JJ.**

**WRIT GRANTED WITH ORDER.** The portion of the district court's December 12, 2023 judgment denying the exceptions of improper venue filed by Defendants, Cornerstone Chemical Company and Shane Williams, is reversed. Venue is a question of law, which is reviewed *de novo* by the appellate court. **Elliott v. Amato and Creely,** 2005-0376 (La. App. 1st Cir. 3/29/06), 934 So.2d 779, 781. Plaintiffs may choose any venue available under the Louisiana Code of Civil Procedure or any other supplementary venue provided by law that fits the particular circumstances of their claims. **Id.** General venue rules are set forth in La. Code Civ. P. art. 42, which provides a plaintiff shall file his lawsuit in the parish where the defendant is domiciled. An action against a foreign corporation licensed to do business in Louisiana shall be brought in the parish where the company's principal business establishment is located as designated with the Secretary of State. La. Code Civ. P. art. 42. An action for the recovery of damages for an offense or quasi-offense may also be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. La. Code Civ. P. art. 74. Based on the evidence presented, venue is proper in any of the following: Plaquemines Parish where Shane Williams is domiciled; Rapides Parish where the principal business establishment of Trans-Global Solutions, Inc. is located; or Jefferson Parish where the principal business establishment of Cornerstone Chemical Company is located and where the alleged accident occurred.

Pursuant to La. Code Civ. P. art. 42(7), suit against a "foreign or alien insurer shall be brought in the parish of East Baton Rouge." Although Plaintiffs filed suit in East Baton Rouge Parish based upon naming fictitious foreign insurers in their petitions, the naming of a fictitious entity in a petition has no legal effect. See **Doe v. Doe**, 95-0006 (La. App. 1st Cir. 10/6/95), 671 So.2d 466, writ denied, 95-2671 (La. 1/12/96), 667 So.2d 523, **Templet v. Johns**, 417 So.2d 433, 436 (La. App. 1st Cir.), writ denied, 420 So.2d 981 (La. 1982), **Schlumbrecht v. Executive Officers of Brown and Root, Inc.**, 371 So.2d 389, 390 (La. App. 4th Cir. 1979). Plaintiffs failed to establish that East Baton Rouge Parish is a proper venue.

Accordingly, Defendants' exceptions of improper venue are granted and the matter is remanded to the district court for transfer to a court of proper venue. See **Price v. Roy O. Martin Lumber Co.**, 2004-0227 (La. App. 1st Cir. 4/27/05), 915 So.2d 816, 825, writ denied, 2005-1390 (La. 1/27/06), 922 So.2d 543. The portion of the district court's December 12, 2023 judgment denying Defendants' exceptions of prescription, is vacated.

**PMc**
**CHH**
**SMM**

COURT OF APPEAL, FIRST CIRCUIT



DEPUTY CLERK OF COURT
FOR THE COURT