BOUTALL, Judge.
The owner of an automobile appeals from a judgment holding the negligence of its driver to be imputable to him.
Cleveland Williams, Jr. was the owner of an automobile being driven by Terry Williams when it was involved in a collision with another automobile owned by Arthur Wilson and operated by David J. Sharlow. Williams sued Wilson and Sharlow for the damages sustained by his automobile. Wilson and Sharlow answered and filed a re-conventional demand praying for property damage to Wilson’s automobile and physical injuries to Sharlow, the driver. The recon-ventional demand was later amended to pray only for property damage to Wilson’s automobile against both Cleveland Williams and Terry Williams.
On trial the court found “that the Plaintiff, as well as the Plaintiffs’ in Reconvention, were guilty of contributory negligence and” dismissed both the original demand and the reconventional demand. From this judgment only Williams has appealed. Neither Wilson nor Sharlow have appealed or answered the appeal.
The evidence consists solely of the testimony of Terry Williams and her passenger on one side and David Sharlow on the other. The damages to the automobiles were stipulated. The testimony for plaintiffs shows that Terry Williams approached the pumps in a gasoline station to get gas, and that she stopped for a vehicle coming from the opposite direction driven by Sharlow to ascertain at which pump he would get gas. Sharlow pulled behind a truck in one lane, and she determined that she would go on the other side of the pumps in another lane. During this maneuver, Sharlow suddenly cut out from behind the truck into her lane causing a frontal collision between the cars. Opposed to this Sharlow testified that he had already gotten gas and was in the process of leaving the pump in order to turn out to the Airline Highway when the Williams car approached him rather rapidly and he struck it on the side door. The repair estimates and the itemized damage would indicate a frontal collision as detailed by plaintiffs. The repair estimate is however not conclusive of the negligence of the parties, which is based more upon the credibility of the witnesses’ testimony. We have no problem in concluding that Sharlow was negligent, both because of the lack of credibility as to how the collision took place, but also because his testimony admits that he did not see the Williams’ vehicle until the collision was about to take place.
The trial judge however found Terry Williams to be guilty of contributory negligence, and although the record would indicate her lack of negligence, nevertheless there is sufficient evidence to support a finding of contributory negligence, and we cannot say that the trial judge has erred. In view of the relative speeds of the vehicles, it would appear that she may have been able to avoid the accident by either stopping or maneuvering her own vehicle. Accordingly, we accept the finding of contributory negligence by the trial judge.
The major problem in this case is that the plaintiff and the reconvenor both are owners suing for damages to their vehicles and neither was a driver. There is absolutely nothing in the record which would enable us to impute the negligence of the drivers to the owners of the vehicles. The owner of a vehicle is not liable for damages caused by some other person driving his vehicle unless the negligence of the driver is imputable to the owner. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968); Murray v. Kuhn, 345 So.2d 917 (La.App.4th Cir. 1977); Umbehagen v. Liberty Mutual Ins. Co., 348 So.2d 122 (La.App.4th Cir. 1977.)
The judgment appealed is in error as a matter of law. Owner Cleveland Williams is entitled to judgment for his damages against driver David Sharlow. Because Wilson has not appealed nor answered the appeal we cannot consider his reconventional demand.
Accordingly, the judgment appealed is reversed in part, and there is now judgment in favor of Cleveland Williams, Jr. against David J. Sharlow in the sum of $534.30, together with interest from date of judicial demand until paid, and for all costs of these proceedings.

*811
REVERSED IN PART AND RENDERED.

ORDER GRANTING REHEARING.
This matter had been submitted to the court without request for oral argument, and the court rendered judgment based upon the fact that no answer to the appeal had been filed in the record. In their petition for rehearing, appellees point out that an answer had in fact been filed in the District Court, and upon inquiry, this court discovered that the Clerk of the District Court did indeed have the answer to the appeal in his records, but had not included the answer in the record lodged with us. That answer has now been filed. We conclude that our previous judgment is incorrect and should be vacated and that rehearing should be granted.
IT IS ORDERED THAT OUR JUDGMENT dated January 10, 1980 is now annulled and vacated, and that rehearing in this matter be set for Monday, March 10, 1980 at 1:00 P.M. The rehearing shall be on written briefs and without oral argument. Either party may submit such additional briefs as he may desire at or before the time of rehearing.
Before BOUTALL, SCHOTT and BARRY, JJ.*

 Due to the death of Judge John T. Hood, Jr., assigned to the vacancy in division “F”, Judge Denis A. Barry, later elected to Division “F”, was substituted on the panel for rehearing.