428 So.2d 991 (1983)
William BATSON
v.
CHEROKEE BEACH AND CAMPGROUNDS, INC., et al.
No. 14394.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 6, 1983.
*992 Gordon Hackman, Boutte, for plaintiff.
J.R. Schmidt, Hammond, for Lyn Ezell, Pat Painter and Harry Walz.
France W. Watts, III, Franklington, for Tangipahoa Parish Police Jury.
Donald Phelps, Baton Rouge, for Cherokee Beach Campgrounds, Inc., Pat Painter, Lyn Ezell, and Harry Waltz.
John D. Koch, Baton Rouge, for State of La.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is a suit in which plaintiff seeks to recover for personal injuries which he allegedly incurred on or about June 12, 1977. while using the facilities of Cherokee Beach and Campground. Named as defendants were Cherokee Beach and Campgrounds, Inc., Pat Painter, Lyn Ezell, Harry Walz, the Parish of Tangipahoa, and the State of Louisiana. The Tangipahoa Parish Police Jury moved for a summary judgment which was granted by the trial court on April 18, 1980. There has been no appeal from that judgment. This appeal involves the peremptory exception, raising the objection of no cause of action, filed by appellees Cherokee Beach, Painter, Ezell, and Waltz which was sustained by the trial court in a judgment rendered on November 7, 1980 and signed on December 17, 1980. On appeal, plaintiff contends the trial court erred in sustaining the exception and in failing to allow time to amend, even if the exception was properly sustained.
The peremptory exception raising the objection of no cause of action is utilized to question whether or not any remedy is afforded by law to the plaintiff under the allegations of the petition. The objection is triable on the face of the petition; no evidence may be introduced in its support. La.Code Civ.P. art. 931. All well-pleaded facts are accepted as true for the adjudication of the objection; all doubts are resolved in favor of the sufficiency of the *993 petition. See Elliot v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir.1977); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.1967).
The petition in the present case alleges plaintiff "... was severely injured while using facilities and property owned and operated by [defendants] ... for the purpose of camping and tubing and boating and other recreational purposes." It further alleges "Plaintiff was hurt through the negligence of all defendants in failing to take due care, failing to warn users of the facilities of hidden dangers in and around the area delineated for such uses, failing to warn users of obstructions hidden under the water along said route, [in] violation of the statutes and laws of Louisiana and the United States."
La.Code Civ.P. art. 891 requires that a petition asserting a judicial demand include a statement of the object of the demand and the material facts upon which the cause of action is based. The petition at issue fails to specify any facts which support its allegations of negligence. It does not even specify how plaintiff was injured. Mere allegations of negligence are not allegations of fact which must be accepted as true, but are conclusions of law. See Papania v. Aetna Casualty & Surety Company, 291 So.2d 908 (La.App. 3d Cir. 1974), writ denied, 294 So.2d 835 (La.1974); Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La.App. 2d Cir.1967); Naquin v. Baton Rouge Coca-Cola Bottling Co., 182 So.2d 691 (La.App. 1st Cir.1965), writ ref., 184 So.2d 24 (La.1966). Such allegations cannot form the basis of a cause of action, which under our system of fact pleading must be based on facts from which such conclusions may be drawn. La.Code Civ.P. art. 891; Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980); Williams v. Chrysler Motor Company, 271 So.2d 551 (La.App. 1st Cir.1972).
We therefore conclude the trial court properly sustained the objection of no cause of action. Although the maintenance of the peremptory exception normally results in a dismissal, La.Code Civ.P. art. 934 requires the trial judge to allow time for amendment of the petition if the grounds of the objection may be removed by amendment. We conclude plaintiff must be afforded the opportunity to substantiate its contention of negligence by allowing him time to amend his petition with factual allegations. See Broussard v. Broussard, 381 So.2d 942 (La.App. 3d Cir.1980); Williams v. Chrysler Motor Company, supra.
Accordingly, the judgment appealed from is affirmed. It is further ordered that the trial court permit appellant a delay of fifteen days in which to amend his petition, to commence upon the finality of this decree; thereafter this matter is to proceed in accordance with law and the views herein expressed. All costs of the case, including those of this appeal, will await final determination of appellant's cause of action against appellees.
AFFIRMED AND REMANDED.