457 So.2d 1216 (1984)
Donna Elaine ELLIOTT, et al.
v.
Priscilla Ann MERRITT, et al.
No. 83 CA 1065.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Writ Denied December 7, 1984.
Robert R. Faucheux, Jr., Reserve, for Estate of Howard M. Gilbert.
F. Smith Knobloch, Thibodaux, for Estate of William S. Elliott.
Walter C. Thompson, Jr., Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for Indiana Lumberman's Mut. Ins. Co.
Warren D. Ponder, D.O.T.D., Baton Rouge, for State of La.
Grady C. Weeks, Authement, Weeks & Larke, Houma, for State of La., Dept. of Transp. & Development, Office of Hwys, third party plaintiffs.
*1217 Alfred Smith Landry, Landry, Watkins & Bonin, New Iberia, for Olivier Chevrolet, Inc. and Liberty Mut. Ins. Co.
David H. Stiel, III, Aycock, Horne, Caldwell, Coleman & Duncan, Franklin, for St. Mary Parish Police Jury.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort for wrongful death which arose from a one car accident in which two of the passengers were killed.

PROCEDURAL FACTS
On January 20, 1981, a one automobile accident occurred in St. Mary Parish near Morgan City, Louisiana, when a 1978 Honda automobile went out of control on Lake Palourde Road and plunged into Bayou Boeuf. The driver of the vehicle was Priscilla Ann Merritt. Two passengers in the vehicle, William Stafford Elliott and Howard Morris Gilbert, sustained fatal injuries in the accident.
Suit was filed and one of the defendants named in the suit was Olivier Chevrolet, Inc. (Olivier), the owner of the vehicle driven by Merritt.
Olivier filed a peremptory exception claiming the petition stated no right or cause of action which would support a judgment against it.[1] A hearing on the exception was held on August 6, 1982. A second supplemental and amending petition[2] was then filed on August 17, 1982, in which it was alleged "[t]hat Oliver Chevrolet, Inc. was the owner of the vehicle and failed to supervise the proper operation of said vehicle when they authorized the vehicle to be used by Priscilla Ann Merritt."
Subsequently, on September 2, 1982, judgment was rendered sustaining Olivier's exception based on plaintiff's "failure to allege facts showing Olivier Chevrolet's liability to plaintiffs." The district court ordered plaintiffs' suit dismissed as to Olivier "upon their failure to file amending pleadings, within fifteen days of the date of this judgment, establishing a cause of action." La.C.C.P. art. 934.
Plaintiffs then filed a third supplemental and amending petition. However, no additional allegations of liability were made against Olivier. On May 24, 1983, the district court rendered a judgment dismissing plaintiffs' claim against Olivier because of plaintiffs' failure to amend their petition, within fifteen days of the "September 9, 1982" judgment,[3] to state a cause of action against Olivier. Plaintiffs filed a motion for a new trial alleging the judgment of dismissal was contrary to the law and evidence. The motion was denied by judgment rendered June 10, 1983. From this judgment, plaintiffs took a suspensive appeal.[4]

CAUSE OF ACTION
The peremptory exception raising the objection of no cause of action is utilized *1218 to question whether or not any remedy is afforded by law to the plaintiff under the allegations of the petition. Ward v. Pennington, 434 So.2d 1131 (La.App. 1st Cir.1983), writs denied, 438 So.2d 572, 576 (La.1983); Batson v. Cherokee Beach and Campgrounds, Inc., 428 So.2d 991 (La. App. 1st Cir.1983), writ denied, 434 So.2d 1092 (La.1983). The exception must be decided upon the face of plaintiff's petition alone, since no evidence may be introduced in its support. La.C.C.P. art. 931. Further, all well-pleaded facts are to be accepted as true, with all doubts resolved in favor of the sufficiency of the petition. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984); Batson, 428 So.2d at 992.
In the instant case, the only allegations of liability made against Olivier are contained in plaintiffs' second supplemental and amending petition, in which it is alleged "[t]hat Oliver Chevrolet, Inc. was the owner of the vehicle and failed to supervise the proper operation of said vehicle when they authorized the vehicle to be used by Priscilla Ann Merritt." From these allegations, we must determine whether the law affords plaintiffs a remedy against Olivier.
Plaintiffs have made two factual allegations against Olivier: (1) Olivier was the owner of the vehicle; and (2) Olivier failed to supervise the proper operation of the vehicle by Merritt. These facts must be accepted as true.
The owner of a vehicle is not liable for the damages caused by some other person driving his vehicle unless there is some relationship between the parties which makes the negligence of the driver imputable to the owner. As a matter of law the fact of ownership does not per se create a legal responsibility by the owner. Pope v. City of Baton Rouge, 449 So.2d 1070 (La.App. 1st Cir.1984); Williams v. Sharlow, 388 So.2d 809 (La.App. 4th Cir. 1980). Negligence can be imputed to an innocent party only when he is legally responsible for the torts of the negligent party. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968); Carter v. Salter, 351 So.2d 312 (La.App. 3rd Cir.1977), writ denied, 352 So.2d 1045 (La.1977); Umbehagen v. Liberty Mutual Insurance Co., 348 So.2d 122 (La.App. 4th Cir.1977), writ denied, 350 So.2d 1209 (La.1977). This principle of law was set out in Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149, 153 (1963), wherein the Supreme Court stated:
[T]he negligence of one person cannot be imputed to another person not guilty of personal negligence in the absence of a legal obligation on the part of the latter to respond for the fault of the former. (Emphasis added).
In the present case, plaintiffs' petition contains no factual allegations which would impute the negligence of the driver, Merritt, to the owner of the vehicle, Olivier. Plaintiffs allege that Olivier, as owner of the vehicle, failed to supervise the operation of the vehicle. However, plaintiffs made no allegations establishing a legal obligation or duty on Olivier to supervise the driver of its vehicle. No master-servant, parent-child or custodial relationship is alleged, nor does the petition contend that the owner granted authority to use the vehicle when it knew the driver was incapable or incompetent to operate it. Without an allegation creating a legal responsibility or obligation on Olivier, plaintiffs have failed to state a cause of action for which Olivier could be held liable for Merritt's negligence. Cf. McCoy v. Chambers, 403 So.2d 838 (La.App. 2nd Cir.1981).
The district court gave plaintiffs ample time in which to amend their petition to state a cause of action. Since plaintiffs failed to do so, the district court was correct in dismissing the petition. La.C.C.P. art. 934; Dunaway Realty Company, Inc. v. Pulliam, 364 So.2d 198 (La.App. 1st Cir.1978).

DECREE
For the foregoing reasons, the judgment of the district court is correct and is affirmed at the appellants' costs.
AFFIRMED.
NOTES
[1] Plaintiffs' petition stated no allegations of liability against Olivier, other than naming it as a defendant.
[2] Plaintiffs had previously filed an amended petition on August 5, 1982. However, no allegations of liability were made against Olivier therein.
[3] The judgment of dismissal refers to the "Court's ruling issued September 9, 1982"; however, the judgment on the exception was actually rendered on September 2, 1982.
[4] Plaintiffs' motion for appeal states that "plaintiffs' desire to appeal suspensively from the final judgment rendered in the above cause on the 10th day of June, 1983" (judgment denying the motion for a new trial). An order denying a motion for a new trial is a nonappealable judgment. Miller v. Chicago Insurance Company, 320 So.2d 134 (La.1975); Succession of Washington, 380 So.2d 154 (La.App. 1st Cir.1979); Jackson v. Watson, 360 So.2d 582 (La.App. 4th Cir.1978), writ denied, 362 So.2d 1389 (La.1978). However, it is clear from the record and from plaintiffs' brief on appeal that they actually intended to appeal the judgment of dismissal rendered May 24, 1983. Therefore, we will treat this appeal as having been taken from the judgment of dismissal. Cf. Smith v. Hartford Accident and Indemnity Company, 223 So.2d 826 (La.1969).