LANIER, Judge.
This is a suit for damages in tort by William Batson arising out of an accident alleged to have occurred on June 12, 1977.
PROCEDURAL FACTS
Batson filed suit on June 12, 1978, against Cherokee Beach and Campgrounds, Inc. (Cherokee), Pat Painter, Lyn Ezell, Harry Walz, the Parish of Tangipahoa (Parish)[1] and the State of Louisiana (State).
Cherokee, Painter, Ezell and Walz filed an answer and a peremptory exception pleading the objection of no cause of action. The trial court sustained the exception and dismissed Batson’s demand against these defendants. Batson appealed this judgment. This court subsequently dismissed the appeal as abandoned. Batson v. Cherokee Beach and Campgrounds, Inc., 407 So.2d 766 (La.App. 1st Cir.1981). Batson applied for a writ to the Louisiana Supreme Court, which was granted, and the appeal was reinstated. Batson v. Cherokee Beach and Campgrounds, Inc., 411 So.2d 45 (La.1982). On appeal, this court affirmed the trial court’s ruling sustaining the exception, but ordered the trial court to “permit appellant a delay of fifteen days in which to amend his *479 petition, to commence upon the finality of this decree”. Batson v. Cherokee Beach and Campgrounds, Inc., 428 So.2d 991 (La.App. 1st Cir.1983). From this judgment, Batson again took a writ to the Louisiana Supreme Court, which was denied on June 17, 1983. Batson v. Cherokee Beach and Campgrounds, Inc., 434 So.2d 1092 (La.1983).
On September 27, 1983, Cherokee, Painter, Ezell and Walz filed an ex parte motion to dismiss because Batson failed to amend his petition within fifteen days from the date our judgment became final. On this same day, the trial court rendered judgment dismissing with prejudice Batson’s action against these defendants. On September 29, 1983, the trial court rendered an amended judgment dismissing Batson’s action against these defendants without prejudice.[2]
On October 3, 1983, Batson filed, with leave of court, a first amended petition and a motion for a new trial from the judgment of dismissal.[3] Cherokee, Painter, Ezell and Walz filed a motion to vacate the order granting Batson leave to file the amended petition, peremptory exceptions of no right of action and prescription and a declinatory exception of lack of jurisdiction over the subject matter. A hearing was held on the motions and exceptions on January 27, 1984, and the matter was taken under advisement. Later that day, the trial court denied Batson’s motion for a new trial, maintained defendants’ exceptions and granted defendants’ motion to vacate. A judgment to this effect was signed on February 13, 1984. From this judgment, Bat-son took writs and, alternatively, filed a devolutive appeal. On March 22, 1984, this court denied writs because Batson’s proper remedy was by appeal.
DISMISSAL OF PETITION
Batson contends the trial court erred in ex. parte granting defendants’ motion to dismiss his petition. Batson argues this motion should have been tried contradictorily (by a rule to show cause).
A court may grant an ex parte order without hearing the adverse party when “the order applied for by written motion is one to which mover is clearly entitled without supporting proof ...”. La.C.C.P. art. 963.
This court ordered the trial court to “permit appellant a delay of fifteen days in which to amend his petition, to commence upon the finality of this decree ”. [Emphasis added]. Batson, 428 So.2d at 993. The judgment of this court became final on June 17, 1983, the day the Louisiana Supreme Court denied the writ application. La.C.C.P. art. 2166(D). Batson had until July 5, 1983, to file his amended petition.[4] He failed to do so. La.C.C.P. art. 934 provides, in pertinent part, that “if plaintiff fails to comply with the order to amend, the action shall be dismissed.” [Emphasis added]. The word “shall” is mandatory when used in the Code of Civil Procedure. La.C.C.P. art. 5053. Cf. La.R.S. 1:3; La.C. Cr.P. art. 5; La.C.J.P. art. 4; Succession of Brown, 458 So.2d 140 (La.App. 1st Cir. 1984). The record in this matter demonstrated on its face that Batson did not timely file his amended petition prior to the time the defendants filed the motion to dismiss, and no supporting proof was necessary. In this factual posture, the trial court judge had no discretion and the order of dismissal had to be granted. Cf. Elliott v. Merritt, 457 So.2d 1216 (La.App. 1st Cir.1984), writ denied, 461 So.2d 315 (La.1984). The action of the trial court granting the judgments of dismissal was correct.
DENIAL OF NEW TRIAL
In the memorandum supporting his application for a new trial and in brief, *480 Batson contends he should have been granted a new trial because the judgment of this court ordered the trial court to grant a delay for filing an amended petition and, since the trial court did not implement this order, the delay period did not commence to run. Batson argues from this premise that, since an order from the trial court was necessary to start the delay period and since no such order was issued, the judgment of dismissal could not be rendered because it required such proof.
As indicated hereinabove, this court ordered the trial court to permit Batson to file an amended petition within fifteen days after our judgment became final. Our judgment was not contingent on action by the trial court and was self-executing. Batson’s misinterpretation of our judgment is not a defense.
The motion for a new trial was properly denied. La.C.C.P. art. 1973; Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir.1983), writ not considered, 441 So.2d 753 (La.1983); Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981).
THE AMENDED PETITION
The amended judgment rendered on September 29, 1983, which dismissed Bat-son’s suit against Cherokee, Painter, Ezell and Walz without prejudice, determined the merits as to those defendants and is a final judgment. La.C.C.P. art. 1841. Although a judgment of dismissal without prejudice does not bar the filing of another suit on the same cause of action, it does terminate the instant suit. La.C.C.P. art. 1673; Leblanc v. Travelers Indemnity Company, 262 La. 403, 263 So.2d 337 (1972). The trial judge was without authority to allow the filing of the amended petition after this suit was terminated by the judgment of dismissal and correctly vacated the improvidently issued order. Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982), writ denied, 420 So.2d 981 (La.1982).
THE DEFENDANTS’ EXCEPTIONS
Because we affirm the judgment of dismissal and the judgment vacating the order permitting the filing of the amended petition, the defendants’ exceptions are moot.
DECREE
For the foregoing reasons, the judgments of the district court dismissing Bat-son’s suit against Cherokee, Painter, Ezell and Walz without prejudice and vacating the order permitting the filing of the amended petition are afirmed. Appellant is cast for all costs.
AFFIRMED.

. The Parish was dismissed as a party defendant on a motion for summary judgment.

. The judgment and amended judgment of dismissal were signed by Elmo Lear, judge pro-tempore.

. These pleadings were signed by Judge Gordon Causey.

.The fifteenth day was July 2, 1983, a Saturday, and thus the period carried over to July 5, 1983, the first legal day thereafter. La.C.C.P. art. 5059; La.R.S. 1:55.