ARMSTRONG, Judge.
This case involves an intersectional collision between the plaintiff, Freddie Domino, and the defendant, Barbara Matthews. The accident occurred in the middle of the intersection of Desire and North Roche-blave Streets. The front of Matthews’ vehicle struck Domino’s vehicle in the middle of the passenger side.
Domino and his guest passenger, George Thomas, sued Matthews and Hertz Corp. (“Hertz”), the owner of the car driven by Matthews, for damages. Prior to trial Thomas settled his claim with the defendants. A trial was held on September 23, 1985. On October 18, 1985 judgment was entered in that case finding that Domino was 55% negligent and Matthews was 45% negligent. In its reasons for judgment the trial court made the following statements:
Insofar as the basis for determining the liability of the parties we state at this time that Freddie Domino, Jr., driving his car (sic) it was quite obvious from the evidence elicited in this case he was speeding ...
The car of the defendant, Barbara Matthews, according to his own testimony made no attempt to stop or in any way to avoid the accident, ...
Both Domino and Hertz appeal from that judgment.
Domino first claims that the trial court erred in not admitting evidence regarding Desire’s status as a favored street, and in failing to find that Desire is a favored street.
At trial plaintiffs’ attorney attempted to elicit testimony from plaintiff regarding the placement of stop signs and traffic lights on the streets intersecting with Desire both before and after the Rocheblave-Desire Intersection. The trial court refused to allow plaintiffs’ testimony, sustaining defendants objections that such testimony was irrelevant.
“The determination of whether evidence is relevant or not is within the discretion of the trial court and its ruling will not be disturbed absent a clear abuse of discretion.” Citizens Bank & Trust Co. v. Consolidated Terminal Warehouse, Inc., 460 So.2d 663, at 670 (La.App. 1st Cir.1984). There was no expert testimony or evidence regarding Desire’s status as a favored street. Nor was it statutorily designated as a favored street. Furthermore all of the witnesses indicated that Desire and Roche-blave are the same width and paved in the same manner. Under these circumstances we do not think that the trial court abused its discretion. In addition, since there was no evidence to support a finding that Desire was a favored street, the trial court did not err in failing to find that Desire was a favored street.
Domino next claims that the trial court erred in allowing lay witness opinion evidence concerning the speed at which Domino’s car was traveling. All of the parties involved in the accident, Matthews and her two passengers as well as Domino and Thomas, testified to the speeds at which the two cars were traveling.
It is well settled that any objections to such testimony goes to the weight rather than the admissability of such testimony. Fidelity and Casualty Co. of New York v. Aetna Life Ins. Co., 244 So.2d 255, at 259 (La.App. 3rd Cir 1971). The trial court did not err in allowing lay testimony regarding the speed of the cars.
Domino also claims the trial court did not give proper weight to the testimony of an impartial witness. John Henderson, a bus driver, testified that his bus was stopped on the conier of Rocheblave and Desire in a Riverbound direction, and that he saw the entire accident. In its reasons for judgment the trial court recounted the testimony of Henderson and noted that his testimony conflicted with that of defendant Matthews, regarding whether there was a lakebound bus stopped on the corner of Desire Street and Rocheblave. Given the conflict in testimony the trial court appar *169 ently chose not to give much weight to Henderson’s testimony.
The reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations and reasonable inferences of fact should not be disturbed absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no error in the trial court’s conclusions of fact.
Next Domino claims the trial court erred in apportioning the negligence of the parties. Based on the facts of this case the apportionment of negligence was a reasonable factual inference and we will not disturb it on appeal. Canter v. Koehring Company, supra.
Domino additionally claims that the trial court erred in its assessment of his damages. The record reveals that Mr. Domino had medical bills in the amount of $675.00 for the treatment of a contusion of the left hip and thigh. There were absolutely no residual physical effects from the accident. Nor was any other testimony presented at trial that Domino’s injuries were other than minor. In addition Domino’s car sustained damage in the amount of $535.00.
The trial court awarded Domino damages in the amount of $2,710.00. After subtracting the amount claimed for medical bills and property damage, the amount of general damages awarded was $1,500.00.
In assessing damages in cases of quasi-offense, much discretion is left to the trial court judge. Before the appellate court will disturb such an award, the record must clearly reveal that the trier of fact abused his much discretion in making the award, based upon the particular injuries and their effect upon the particular individual who sustained the injuries.
Klein v. Himbert, 474 So.2d 513, at 516 (La.App. 4th Cir.1985) (citations omitted.)
There has been no showing that the trial court abused its discretion in assessing Domino’s damages.
Finally, Domino claims that trial court erred in failing to grant his motion for a continuance.
The record reflects that Domino was originally represented in this matter by attorney, Kern Reese. On September 17, 1985 the trial court granted a motion allowing Reese to withdraw as counsel of record. The next day on September 18, 1985 the trial court granted Domino’s present counsel’s motion to enroll as the attorney of record.
The transcript reveals that Domino's present attorney was retained in early August, approximately six weeks prior to trial. However, Domino’s attorney did not attempt to enroll as counsel of record or contact the city traffic engineer in regard to this case. On the day of trial, Domino’s counsel requested a continuance so that he would have sufficient time to depose the City Traffic Engineer. The trial court denied that continuance.
LSA-C.C.P. art 1601 states a continuance may be granted in any case if there is good ground therefore. It has also been established the trial judge has wide discretion in acting upon a motion for continuance and his ruling will not be disturbed on appeal in absence of a clear showing of abuse of that discretion.
Heap v. Weber Const. Co. of Louisiana, Inc., 407 So.2d 799, at 801 (La.App. 4th Cir.1981).
Under the circumstances present in this case we do not think that the trial court abused its discretion in denying the continuance.
The trial court rendered judgment in favor of Domino and against Matthews and Hertz in the amount of $2,710.00. That award was reduced by the 55 percent of negligence attributable to Domino for a total of $1,219.50. The trial court also rendered judgment in favor of Hertz as the owner of the car, and against Domino in the amount of $3,918.00. That award was reduced by the 45 percent of negligence attributable to Matthews. The trial court’s final award was in favor of Hertz, as as-signee of George Thomas, and against Freddie Domino. That award was also re *170 duced by the 45 percent of negligence attributable to Matthews.
Hertz in its answer to the appeal claims that that portion of the judgment rendered in favor of Domino and against Hertz should be stricken. We agree.
The owner of a vehicle is not liable for the damages caused by some other person driving his vehicle unless there is some relationship between the parties which makes the negligence of the driver imputable to the owner. As a matter of law the fact of ownership does not per se create a legal responsibility by the owner. Negligence can be imputed to an innocent party only when he is legally responsible for the torts of the negligent party ...
Elliot v. Merritt, 457 So.2d 1216 (La.App. 1st Cir.1984) (citations omitted.)
At the trial there was a stipulation that the car driven by Matthews was a Hertz car. In addition Matthews testified that her father rented the car for her use. However, Domino did not introduce a copy of the lease agreement between Matthews’ father and Hertz into evidence. Nor did he establish a legal relationship between Matthews and Hertz in any other manner. Under these circumstances we find that the trial court erred in rendering judgment in favor of Domino and against Hertz.
Hertz also claims that the trial court erred in reducing the awards to Hertz and against Domino based on Matthews negligence. We agree.
Since there was no proof of a relationship between Matthews and Hertz, and Matthews’ negligence cannot be imputed to Hertz, we find the trial court erred in reducing the award to Hertz, as owner of the car, by the amount of Matthews' negligence.
In addition since Matthews’ negligence clearly cannot be imputed to Thomas we find the trial court erred in reducing the award to Hertz, as Thomas’ assignee, by the percentage of negligence attributable to Matthews.
For the foregoing reasons that portion of the trial court’s judgment rendered in favor of Freddie Domino and against the Hertz Corporation is reversed. Additionally, those portions of the judgment which reduce the awards in favor of Hertz and against Domino because of the forty-five percent of negligence attributable to Matthews are reversed. The trial court’s judgment is affirmed in all other respects.
For the foregoing reasons the judgment of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART.
REVERSED IN PART.