J^FOIL, J.
This appeal challenges a second judgment of dismissal entered against a governmental defendant where the defendant was dismissed from the litigation due to defective service, and the plaintiff failed to appeal the judgment of dismissal and sought instead to amend the pleadings to *675 bring the governmental defendant back into the lawsuit through two amended petitions. We affirm.
BACKGROUND
On July 23, 1998, Rachel Meadows, individually and on behalf of her minor daughter, filed this tort suit in the 22nd Judicial District Court for the Parish of St. Tammany,Plaintiff alleged that on July 23, 1997, she and her daughter were injured in an automobile accident at the intersection of Cross Gates Boulevard and Louisiana Highway 1090 in St. Tammany Parish. Plaintiff averred that the accident occurred because the driver of the other vehicle could not see a stop sign that was obscured by bushes, trees and other foliage growing in the area of the stop sign. Named as defendants were the State of Louisiana through the Department of Transportation and Development (DOTD); St. Tammany Parish through its Department of Public Works (Parish), which plaintiff alleged was responsible for maintaining street signs and the area surrounding the stop sign; Cross Gates, Inc., a subdivision developer, which plaintiff alleged owned the property where the stop sign was located; and Evenflo Company, Inc., a car-seat manufacturer.
In the petition, plaintiff requested service on St. Tammany Parish through the Secretary of State. The Secretary of State rejected service of the petition on the basis that he could not accept service for any parish entity. On August 7, 1998, the St. Tammany Parish Clerk of Court’s Office advised plaintiffs counsel that the Sheriffs Office returned the citation to be served on the Parish and asked that new service instructions be forwarded to the Clerk’s Office. Attached to the letter was a copy of La. R.S. 13:5107, plainly setting forth the proper service method in a suit against a political ^subdivision of the state.[1] Ten months later, plaintiff requested service to be made on the. Parish by serving the Attorney General’s Office.
On September 17, 2001, plaintiff filed an amending petition adding Cross Gates Utility Company and Cross Gates Homeowners Association, Inc. as additional defendants. On May 8, 2002, four years after the suit was filed, plaintiffs requested service of the September 17, 2001 supplemental and amending petition on the Parish through its director, David deGeneres.
Thereafter, the Parish filed a declinato-ry exception of insufficiency of citation and service of process, asserting that plaintiff failed to perfect service within 90 days on the Parish as required by La.R.S. 13:5107(D), as well as a motion to dismiss the suit pursuant to that provision. On October 10, 2002, the trial judge rendered judgment granting the declinatory exception of insufficiency of service of process, and dismissed the Parish from the litigation without prejudice.
Subsequently, on October 11, 2002, plaintiff filed a second supplemental and amending petition against the Parish, alleging that the original suit had been timely filed against the Parish, constituting an interruption of prescription, and further alleged that the supplemental petition related back to the filing of the original petition. In response, the Parish filed a peremptory exception raising the objection of prescription pursuant to La. R.S. 13:5107(D)(3), which provides that where a Parish entity is dismissed from the litigation for lack of proper service, the filing of *676 the action against other defendants shall not serve to interrupt the running of prescription as to the Parish.
On January 30, 2003, plaintiff filed a motion for leave of court to file a third supplemental and amending petition alleging that La. R.S. [413:5107(D)(3) is unconstitutional. The Parish opposed the motion, urging that it had been filed after the delays for appealing the trial court’s October 10, 2002 judgment dismissing the Parish from the action based on the failure to serve as required by La. R.S. 13:5107 had expired, and therefore, that judgment was a final one. Thus, the Parish urged, at the time the request to file the third supplemental and amending petition was filed, there was no action pending against the Parish that could be amended.
The trial judge denied the request to amend the petition, and granted judgment in favor of the Parish, sustaining its exception of-prescription. Plaintiffs motion for a new trial was denied, and this appeal followed.
DISCUSSION
In her first assignment of error, plaintiff argues that the trial court erred in granting the exception of prescription without finding that her failure to make a timely request for service was in bad faith. Plaintiff also insists that the trial court should have allowed her to amend her petition to attack the constitutionality of La. R.S. 13:5107(D)(3), which states that where a political subdivision is dismissed from a suit for the failure to timely request service, as to that defendant, the filing of the suit does not serve to interrupt prescription.
We disagree. The October 10, 2002 judgment, dismissing the action against the Parish without prejudice, based on the failure to serve as required by La. R.S. 13:5107, was a final, appealable judgment. Batson v. Cherokee Beach and Campgrounds, 470 So.2d 478, 480 (La.App. 1 Cir.1985). Although a judgment of dismissal without prejudice does not bar the filing of another suit on the same cause of action, it does terminate the instant suit. Id. Plaintiff failed to appeal the judgment of dismissal. Instead, plaintiff sought to file a second and third supplemental petition in the ongoing litigation in an attempt to bring the Parish back into the litigation. However, at that stage of the proceeding, the pleadings could not be amended with respect to the Parish, as the trial judge was without | sauthority to allow an amended petition after the suit was terminated by a judgment of dismissal. Batson v. Cherokee Campgrounds, 470 So.2d at 480. Furthermore, the October 10, 2002 judgment dismissing the Parish from the litigation is now a final and definitive judgment. Plaintiff may no longer attack the dismissal of the petition against the Parish for defective service. Thus, the arguments underlying this appeal are moot, and the trial court’s second judgment, dismissing the Parish from the lawsuit with prejudice, was correct.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.

. La. R.S. 13:5107(B) provides that in suits against a political subdivision, citation and service may be obtained on the agent designated by the local governing authority; if no agent has been designated, service may be made on the district attorney, parish attorney, city attorney or on the department, board, commission or agency head.