JUDE G. GRAVOIS, Judge.
 

 li>This appeal concerns a suit by plaintiff New Orleans Paint & Drywall Services, Inc. (“New Orleans Paint”) against its insurance agent, defendant Lodrigues & Associates, LLC (“Lodrigues”) for allegedly failing to timely secure workers’ compensation coverage. New Orleans Paint appeals the trial court’s grant of Lodrigues’s Exception of Peremption, dismissing its suit as perempted under LSA-R.S. 9:5606. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 New Orleans Paint filed this suit against Lodrigues on October 17, 2006, alleging that on October 18, 2005 it learned that it did not have the requisite workers’ compensation insurance in place to cover an employee who was injured on October 12, 2005. New Orleans Paint alleged that its insurance agent, Lodrigues, was at fault for this omission. On April 5, 2007, Lo-drigues filed a declinatory Exception of Insufficiency of Service of Process, arguing that New Orleans Paint failed to timely request service as per LSA-C.C.P. art. 1201(C), which provides' in pertinent part: “Service of the citation shall be requested on all |3named defendants within ninety days of commencement of the action ...” It is undisputed that New Orleans Paint did not timely request service of the citation on Lodrigues. The trial court denied Lodrigues’s exception. Lodrigues thereupon filed a writ application to this court. This Court found that New Orleans Paint failed to show good cause why it did not request service, and granted the writ on July 24, 2007, ordering the trial court to enter judgment granting the exception and dismissing the case without prejudice as per LSA-C.C.P. art. 1672(C). The trial court entered judgment in accordance with this Court’s orders on August 6, 2007, dismissing New Orleans Paint’s suit without prejudice.
 

 On September 5, 2007, New Orleans Paint filed a second suit against Lodrigues, alleging substantially the same cause of action against Lodrigues. Lodrigues filed an Exception of Peremption, arguing that the suit was perempted under LSA-R.S. 9:5606(A).
 
 [1]
 
 The trial court granted Lo-drigues’s exception, dismissing the suit with prejudice. This appeal does not concern the second suit.
 

 On August 1, 2008, New Orleans Paint filed an Amending and Supplemental Petition for Damages in the first suit, alleging
 
 *669
 
 substantially the same cause of action but adding an additional named defendant. Lodrigues filed a peremptory Exception of Peremption that the trial court granted, dismissing the suit with prejudice. This appeal followed.
 

 ARGUMENTS AND ANALYSIS
 

 On appeal, New Orleans Paint argues that the amended petition filed on August 1, 2008 should be allowed to “relate back” to the original petition filed in l,t2006. It argues that the trial court’s ruling renders the original “dismissal without prejudice” to be a dismissal “with prejudice” and that the legislature could not have intended such a harsh result. Lodrigues counters, however, that a dismissed lawsuit, even one dismissed without prejudice, cannot be amended because the suit itself is no longer active or pending, and thus the trial court’s judgment is correct and should be affirmed.
 

 New Orleans Paint argues that a suit dismissed without prejudice is still viable pending further action. New Orleans Paint cites no case law for this position. It cites several cases in brief for the general position that amended petitions may relate back to the original petition under certain circumstances. Our review of the cases cited by New Orleans Paint, however, show that these cases concern suits that were “active” or pending when the amended petition was filed, i.e., the suit in question had not in fact been dismissed. Thus, the cases cited by New Orleans Paint are distinguishable from the present case and do not apply to the factual scenario before us.
 

 Although a judgment of dismissal -without prejudice does not bar the filing of another suit on the same cause of action, it does terminate the instant suit. LSA-C.C.P. art. 1673;
 
 Batson v. Cherokee Beach and Campgrounds, Inc.,
 
 470 So.2d 478, (La.App. 1 Cir.1985). In
 
 Batson,
 
 the court of appeal held that the trial judge was without authority to allow the filing of an amended petition after the suit was terminated by the judgment of dismissal
 
 without prejudice.
 
 See also
 
 Meadows v. Cross Gates, Inc.,
 
 03-1408 (La.App. 1 Cir. 4/2/04), 878 So.2d 674.
 

 The same result must obtain in this suit. Though the trial court apparently allowed the amended petition to be filed, there is no authority under the law allowing a trial court to do so, as the suit itself had been terminated on August 6, 2007.
 

 1
 
 ¡CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court granting defendant’s Exception of Perémption and dismissing this matter.
 

 AFFIRMED.
 

 [1]
 

 . LSA-R.S. 9:5606(A) provides: No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach or contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.