STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0016

SHARON D. VANCE AND STEVE VANCE

VERSUS

SHERIFF DANIEL H. EDWARDS, SGT. SONJA DYSON EVANS, LT.
BRANDON PINION, LATECIAL MILTON, CRYSTAL KNIGHT,
RACQUELLE D. COLLINS, ROBERT SMITH, KEDRICK CARLSON AND
THEIR INSURERS

**Judgment Rendered:  OCT 3 0 2023**

* * * * * *

On appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 2019-0002664

Honorable Charlotte H. Foster, Judge Presiding

* * * * * *

Roy A. Raspanti                 Counsel for Plaintiffs/Appellants
Metairie, LA                    Sharon D. Vance and Steve
                                Vance

Glen R. Galbraith               Counsel for Defendant/Appellee
T. Jay Seale                    Sheriff Daniel H. Edwards
Georgia K. Thomas
Celeste H. Shields
Hammond, LA

* * * * * *

BEFORE: GUIDRY, C.J., HOLDRIDGE, AND GREENE, JJ.

**GUIDRY, C.J.**

The plaintiffs, Sharon D. Vance and Steve Vance, appeal a judgment of the trial court that sustained an exception of lack of subject matter jurisdiction in favor of the defendant, Sheriff Daniel H. Edwards (the Sheriff), and dismissed the plaintiffs' claims against the Sheriff. For the reasons that follow, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

This matter has been before this court previously wherein this court affirmed a judgment sustaining the Sheriff's peremptory exception raising the objection of no cause of action and dismissing the plaintiffs' claims against the Sheriff. See Vance v. Daniel, 21-0085 (La. App. 1st Cir. 6/4/21), 2021 WL 2283690, writ not considered, 21-00976 (La. 11/3/21), 326 So. 3d 889.[1]

Following rendition of the above opinion, the plaintiffs filed second and third "supplemental and amending" petitions on March 7, 2022 and July 5, 2022, respectively. In response, the Sheriff filed an exception raising the objection of lack of subject matter jurisdiction, which after a hearing, the trial court sustained.[2] A judgment to that effect was signed on August 8, 2022. This appeal followed. Thereafter, pursuant to an interim order of this court,[3] an amended judgment was signed on April 13, 2023, sustaining the exception and dismissing all claims against the Sheriff.[4]

---

[1] This court did not order an amendment of the petition in the previous suit, wherein the plaintiffs alleged that several defendants, including the Sheriff, were liable for the wrongful death of their son. See Vance, 21-0085 at p. 6, 2021 WL 2283690 at *3 n.4.

[2] At the hearing, the Sheriff asked that both the March 7 and July 5 petitions be dismissed.

[3] This court issued the interim order to direct the trial court to address whether the August 8, 2022 judgment was a valid, final judgment under La. C.C.P. art. 1915.

[4] The amended judgment also directed the plaintiffs not to file "any additional amendments to their petition(s)" against the Sheriff without first filing a motion for leave of court.

## DISCUSSION

In the case before us, we begin by noting that the trial court had subject matter jurisdiction.[5] The Louisiana Constitution grants a district court original jurisdiction over all civil and criminal matters. See La. Const. art. 5, § 16. The wrongful death claims originally alleged by the plaintiffs were a civil matter. As a related component of that civil matter, the trial court had subject matter jurisdiction over the plaintiffs' amending and supplemental petitions. To the extent the trial court found it did not have subject matter jurisdiction, the trial court erred. Thus, we are compelled to reverse that portion of the judgment, which sustained the exception of lack of subject matter jurisdiction.

Finding a remand unnecessary, however, we emphasize that a party who is satisfied with a judgment and does not file an appeal, like the Sheriff herein, is entitled to make any argument, supported by the record, in support of the judgment in his favor. See City of Baton Rouge/Parish of East Baton Rouge v. Myers, 13-2011, p. 9 (La. 5/7/14), 145 So. 3d 320, 330 n.5. We further note that in construing pleadings, courts will not be governed by the name or style a pleader gives to his pleading, but will construe the pleading for the purpose for which the plea was filed and look to its substance and the relief sought, rather than technicalities. Bulova Watch Co. v. Nobles, 71 So. 2d 396, 398 (La. App. 1st Cir. 1954). See also IberiaBank v. Live Oak Circle Development, LLC, 12-1636, p. 6 (La. App. 1st Cir. 5/13/13), 118 So. 3d 27, 31 (finding that appellate courts look beyond the

---

[5] Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. See La. C.C.P. art. 3; Firestone Polymers, LLC v. Louisiana Department of Environmental Quality, 19-0283, p. 4 (La. App. 1st Cir. 11/15/19), 291 So. 3d 228, 232, writ denied, 20-00131 (La. 3/9/20), 294 So. 3d 482. Generally, a district court shall have original jurisdiction over all civil and criminal matters and shall have appellate jurisdiction as provided by law. La. Const. art. 5, § 16. The district court's determination of whether it has subject matter jurisdiction over a case is subject to de novo review. Louisiana Environmental Action Network, Inc. v. Louisiana Department of Environmental Quality, 19-1551, p. 8 (La. App. 1st Cir. 9/23/20), 314 So. 3d 841, 848.

caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding; thus, a pleading is construed for what it really is, not for what it is erroneously called).

In his pleading, the Sheriff prayed that the plaintiffs' suit be dismissed. While the plaintiffs contend that the trial court erred in sustaining the Sheriff's exception and dismissing their claims, the Sheriff argues 1) that the plaintiffs' original petition could not be amended after the final judgment was rendered, and 2) that leave of court was not obtained to amend/supplement the petition. The Sheriff argues that the trial court's judgment should be affirmed.[6] We agree with the Sheriff in part, and from our view find that the Sheriff, in pleading the "exception," was actually seeking a *second* dismissal of the plaintiffs' claims against him. Every pleading shall be so construed as to do substantial justice. La. C.C.P. art. 865. Accordingly, we address this matter within the context of the relief sought by the Sheriff in his erroneously titled exception—a dismissal of the plaintiffs' suit.[7]

As stated in Templet v. Johns, 417 So. 2d 433, 435 (La. App. 1st Cir.), writ denied, 420 So. 2d 981 (La. 1982), a plaintiff can only amend a petition that is in existence as to a defendant and pending at the time the amendment is filed. Once a final judgment has been rendered dismissing a defendant, there can be no amended petition as to that defendant because there is no longer a petition before the court to

---

[6] The Sheriff made several arguments in this court and in the trial court, in support of his "exception," asserting that the plaintiffs' petitions should be dismissed. In addition, the Sheriff's counsel argued at the hearing on the exception: "We think the case is over, completely, and my opponent decided to file an amended petition ... to bring us back in."

[7] We review this matter based upon the substance of the issues raised by the Sheriff and the plaintiffs' responses thereto, *i.e.*, whether the plaintiffs were precluded from filing their amended and supplemental petitions.

4

amend. Templet, 417 So. 2d at 435;[8] State through Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 97-0167, p. 3 (La. App. 1st Cir. 6/20/97), 696 So. 2d 645, 647, writ denied, 97-1932 (La. 11/7/97), 703 So. 2d 1269. Louisiana Code of Civil Procedure article 1151[9] cannot be construed to authorize the filing of an amendment to a petition which has been fully disposed of by a court by means of a final judgment. See Adkins v. City of Natchitoches, 14-491, p. 3 (La. App. 3d Cir. 11/5/14), 150 So. 3d 646, 647-648. Consequently, in the matter herein, the plaintiffs' petitions could not be amended with respect to the already-dismissed Sheriff, as the suit against him was terminated by a judgment of dismissal. See Meadows v. Cross Gates, Inc., 03-1408, pp. 4-5 (La. App. 1st Cir. 4/2/04), 878 So. 2d 674, 676, writ denied, 04-1060 (La. 6/18/04), 876 So. 2d 813.[10] Following the decision rendered by our court, the plaintiffs' claims against the Sheriff were fully disposed of, leaving no claims against the Sheriff pending, and thus, leaving nothing for the plaintiffs to amend.[11]

---

[8] In Templet, the supplemental and amending petition was held to be of no legal effect as it concerned the defendants who had previously been dismissed, despite the fact that the petition remained pending as to one defendant who had not been dismissed at the time the supplemental and amending petition was filed. Templet, 417 So. 2d at 435.

[9] Article 1151 provides in part:
> A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. … Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

[10] In Meadows, after a judgment of dismissal was rendered, a motorist was precluded from filing supplemental and amended petitions to bring an already-dismissed party back into the litigation. Meadows, 03-1408 at pp. 4-5, 878 So. 2d at 676.

[11] We also note, and as argued by the Sheriff, that the plaintiffs failed to obtain leave of court or written consent of the adverse party, before filing their "supplemental and amending" petitions. See La. C.C.P. art. 1151. An amended petition filed without leave of court, when such permission is required, may not be considered, is totally without effect, and is deemed to not have been filed at all. Whitney Bank v. Rayford, 21-0407, p. 6 (La. App. 1st Cir. 4/5/22), 341 So. 3d 741, 745.

Notwithstanding the jurisprudence above, as to any supplemental petition filed by the plaintiffs,[12] the court may permit the plaintiffs to file a supplemental petition only on motion of a party, upon reasonable notice and upon such terms as are just. See La. C.C.P. art. 1155 (prior to amendment by 2023 La. Acts, No. 5, § 1).[13] Further, where no motion is filed, as required by La. C.C.P. art. 1155, any supplement to the petition is without effect. See Gaspard v. Safeway Insurance Company, 15-1197, p. 5 (La. App. 1st Cir. 8/31/16), 202 So. 3d 1128, 1132; see also Wallace v. Hanover Insurance Company of New York, New York, 164 So. 2d 111, 119 (La. App. 1st Cir.), writ refused, 246 La. 598, 165 So. 2d 486 (La. 1964) (stating that under Article 1155 the parties have no right to file supplemental pleadings without leave of court).

Nothing in the record shows that leave of court was obtained permitting the amending and supplemental petitions in question to be filed. Rather, the plaintiffs filed their amended and supplemental petitions without the notice required by Article 1155, and without the consent of the parties. If the pleadings constituted a supplement to the petition, then the procedural requirements of Article 1155 were not met. That is to say, without the proper procedure, any supplemental petition filed by the plaintiffs was not properly before the trial court, and thus was without effect. See Wallace, 164 So. 2d at 119.

Although a judgment of dismissal without prejudice does not bar the filing of another suit against a defendant on the same cause of action, it does terminate the instant suit as to that defendant, leaving the matter, as to that cause of action, as

---

[12] A supplemental pleading differs from an amended pleading in that a supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, and which relate to the issues or causes of action contained in the original petition, while an amended pleading involves matters that occurred before the original petition was filed, which were either overlooked by the pleader or were unknown to him at the time. See Lafferty v. Vaughn, 21-0084, p. 6 (La. App. 1st Cir. 7/20/21), 330 So. 3d 644, 649, writ denied, 22-00018 (La. 2/22/22), 333 So. 3d 449.

[13] The comments to the current version of Article 1155 note that without the consent of all parties, a supplemental petition can only be filed after a contradictory hearing, whereas previously only leave of court and reasonable notice was required.

if no suit had ever been filed. See <u>Leblanc v. Travelers Indemnity Company</u>, 262 La. 403, 406, 263 So. 2d 337, 338 (1972); <u>see also</u> <u>Batson v. Cherokee Beach and Campgrounds, Inc.</u>, 470 So. 2d 478, 480 (La. App. 1st Cir. 1985). The plaintiffs herein sought to file second and third amended and supplemental petitions in their ongoing litigation in an attempt to bring the Sheriff back into that litigation. However, as set forth above, the petitions could not be amended with respect to the Sheriff, nor were the petitions supplemented.

We conclude that the trial court was correct in dismissing the plaintiffs' amended and supplemental petitions. Considering the record in its entirety, we affirm the portion of the judgment dismissing the plaintiffs' claims against the Sheriff.[14]

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's dismissal of Sharon D. Vance and Steve Vance's amended and supplemental petitions asserting claims against Sheriff Daniel H. Edwards. We reverse that portion of the trial court's judgment sustaining the exception of lack of subject matter jurisdiction. The costs of this appeal are assessed equally between the parties.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**

---

[14] Our determination is consistent with <u>Lamartinere v. Boise Cascade Corp.</u>, 14-1195 (La. 10/24/14), 149 So. 3d 1234 (*per curiam*) (holding that the Court of Appeal, which reversed the trial court's judgment, could determine whether the record was sufficiently developed to consider the appellee's alternative request made in brief, and that the appellee was under no obligation to answer the appeal to request such relief, as the judgment appealed was fully in his favor).

SHARON D. VANCE AND STEVE VANCE



VERSUS


SHERIFF DANIEL H. EDWARDS, SGT. SONJA DYSON EVANS, LT. BRANDON PINION, LATECIAL MILTON, CRYSTAL KNIGHT, RACQUELLE D. COLLINS, ROBERT SMITH, KEDRICK CARLSON AND THEIR INSURERS


**HOLDRIDGE, J., agreeing.**

I agree. I write further to state that if the plaintiffs have a valid supplemental claim, (causes of action which has become exigible since the date of the filing of the original petition) they may file a new lawsuit raising those claims. They cannot file a supplemental petition in accordance with La. C.C.P. art. 1155 since they are no longer a party to the original action.